Carl Lee CALLOWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 668–84.

Court of Criminal Appeals of
Texas, En Banc.

Sept. 25, 1985.

W.E. Harper, Beaumont, for appellant.

James S. McGrath, Dist. Atty., and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty. and Alfred Walker, First Asst., State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was indicted for the offense of aggravated possession of a controlled substance, namely, cocaine.[1] One prior felony conviction was alleged for enhancement of punishment. A jury found him guilty of the lesser included offense of possession of a controlled substance.[2] Upon proof of the

---

1. Appellant was indicted under House Bill 730, Acts, 1981, 67th Leg., p. 698, ch. 268, which amended the Texas Controlled Substances Act and which was subsequently held invalid by this Court in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr. App.1983). Appellant's grounds of error on the *Crisp* issue were overruled by the Court of Appeals and are not before this Court in the State's Petition for Discretionary Review.

2. Following the State's presentation of evidence, appellant's motion for instructed verdict was granted by the court on the ground that the State had not sustained its burden of proof in

alleged prior conviction, the judge assessed punishment at 30 years' imprisonment.

On appeal the appellant raised a number of grounds of error. His seventh ground of error read:

The trial court committed reversible error by denying the motion to withdraw as counsel for appellant made by appellant's attorney based upon a conflict of interest between appellant and a co-defendant also represented by appellant's attorney for the reason that appellant was denied his right to effective assistance of counsel guaranteed by the Sixth Amendment to the Constitution of the United States.

He cited and relied upon *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

The Beaumont Court of Appeals sustained appellant's seventh ground of error and reversed and remanded the cause to the trial court. *Calloway v. State*, S.W.2d (Tex.App.-Beaumont 1984) (No. 09–83–004 CR). In considering appellant's seventh ground of error, the Court of Appeals held that the trial court, having been placed on notice that a potential conflict of interest existed, erred in its affirmative duty to hold a hearing to determine "whether the risks inherent in co-representation ... were too remote to warrant separate counsel or to see that the appellant and his co-defendant were represented by separate counsel." The Court of Appeals then applied the presumption that the alleged conflict of interest existed and that appellant was harmed.

In its petition for discretionary review, the State argues that the Court of Appeals erred in holding that the trial court neglect-

ed its affirmative duty to hold a hearing when there was an adequate hearing held during which appellant was given the opportunity but failed to show that the multiple representation would result in a conflict of interest; and that appellant failed to lodge an appropriate objection so as to entitle him to a hearing.[3]

We granted the State's petition for discretionary review to determine the correctness of the Court of Appeals' disposition of appellant's seventh ground of error.

The indictment against appellant individually was presented in the 252nd District Court on May 6, 1982. It was filed and became Case No. 41389. In a letter dated July 26, 1982, appellant's counsel requested to withdraw from the case and others. The letter addressed to the district judge was received the following day. It read:

"I visited with Carl Calloway today and he desires that I withdraw since *he is back in jail and is not going to be able to afford an attorney on any of his cases*. I believe that it would be better if one lawyer represented him on all three of these cases. I do not know whether or not Arthur Gilmore has even withdrawn from the murder case.

*"I have never received any money at all for representing Calloway. It seems that he could not stay out of jail long enough to ever get up a payday.*

"Would you please note that I have a vacation letter on file through the 15th of August, 1982, and quite a number of cases have been set. Consequently, we are totally snowed under for the balance of August. If you need to have a hearing on these Motions, it would be appreciated if you would set it toward the last of August or around the 1st of September. In any event, *I feel like I should*

---

linking appellant to an amount of cocaine within the range specified in the indictment. The court then allowed the case to proceed under a lesser included theory.

**3.** In another ground of review, the State maintained that the Court of Appeals erred in relying

on a case from this Court which was at that time pending on a motion for rehearing, but which is now a final decision. *Lerma v. State*, 679 S.W.2d 488 (Tex.Cr.App.1984) (Opinion on State's Motion for Rehearing). We find it unnecessary to consider this ground of error.

*not represent this man* on these cases. *One reason, I represent one of the co-defendant's* (sic) *and I can see a clear conflict of interest at this time.* I represented the co-defendant prior to representing Calloway on this 41389 and I anticipated at that time that there would not be a conflict but *apparently there is going to be a serious conflict* and for the above enumerated reasons I would like to be relieved of representing the defendant.

"Thank you." (Emphasis supplied.)

On July 27, 1982 the following motion was filed:

### "MOTION TO WITHDRAW AS COUNSEL

"COMES NOW, W.E. Harper, attorney of record for Carl Lee Calloway, Defendant, and would file this his Motion to Withdraw as Counsel, and as grounds therefor he shows as follows:

#### "I.

"The Defendant, Carl Lee Calloway, desires that this attorney withdraw so that the same attorney can handl (sic) all cases pending against him at the present time.

"WHEREFORE, PREMISES CONSIDERED, your Movant asks that this Honorable Court release him, the said W.E. Harper, as attorney of record in this cause."

The motion was signed only by the attorney. On the same date the trial judge denied the motion in the order form on the prepared motion.

Appellant's case was tried on August 18, 1982. It was not a joint trial. On that date, following jury selection, the reading of the indictment, and appellant's plea of not guilty before the jury, the following exchange took place outside the presence of the jury:

"[DEFENSE COUNSEL]: Your Honor, ... can I make my bill regarding the motion to withdraw?

"THE COURT: Sure. Just do it from right there.

"[DEFENSE COUNSEL]: Your Honor, I would like to get that motion that is filed, I would like to get a file mark and put on it and get it entered into evidence.

"THE COURT: I will just take judicial notice. The Court has before it in the cause number a motion to withdraw as counsel signed by Mr. Harper and filed by the Court on July 27th of '82 requesting he be allowed to withdraw as the attorney.

"[DEFENSE COUNSEL]: I would like the evidence to show that I represent one of the co-defendants, that I firmly believe that there is a conflict of interest that developed on or about the time that I filed this motion. And I did not recognize the conflict of interest to be as serious or would have any bearing on the case until such time as I notified the Court. Also Mr. Calloway had requested that I withdraw from his case even though I did not get his signature on the motion to withdraw. For that reason I believe that due to the conflict of interest that I should be allowed to withdraw and not be required to try this case due to the fact that there is a conflict of interest.

"THE COURT: Who is the co-defendant?

"[DEFENSE COUNSEL]: Willie Bennett.

"THE COURT: His case has been disposed of?

"[DEFENSE COUNSEL]: No, sir, it was set to be disposed of, I thought today, but the Court advised me he had to postpone that to a later date. Mr. Bennett lives out of state. He has already incurred the expense of an attorney and investigation. He hired me prior to Mr. Calloway and I believe it would work a hardship on Mr. Bennett to force him for me to withdraw from his case and him not be allowed to use the attorney of his choice since he employed me first.

"THE COURT: The court, on the motion to withdraw as counsel, finds that the Defense Counsel represents two defendants, the co-defendant in the cause, and that being privately retained in each case number, since the co-defendant Willie Bennett's case has not been disposed of, Defense Counsel can withdraw as attorney in Mr. Bennett's case and continue to represent Mr. Calloway. Therefore the motion to withdraw is denied.

"[PROSECUTOR]: Your Honor, for the Court's information Mr. Willie Bennett's case has been set for a plea on September 13th."

The main thrust of the attorney's letter sent to the trial judge was that appellant was in jail and had no money to pay his attorney, although it concluded with a request to withdraw because of an undisclosed "conflict of interest."

The motion to withdraw stated that the appellant wanted counsel to withdraw. No mention of conflict of interest was made. The motion was not signed by the appellant.

At trial, after the indictment had been read to the jury and the appellant had entered his plea of not guilty, appellant's counsel asked to make "my bill" on the motion to withdraw. The court permitted the same. Counsel again stated there was a conflict, a serious conflict, between appellant and codefendant Bennett, who was not on trial at the time. The nature of the possible conflict was not disclosed to the court. Upon further inquiry, counsel advised the court Bennett lived out-of-state and had hired him first, and it was a hardship on Bennett to force him to withdraw as Bennett's attorney. The court noted counsel was retained in both cases and could withdraw as attorney in Bennett's case and continue to represent the appellant.

Counsel took no exception to the court's suggestion, did not call the appellant as a witness or ask to offer other evidence in connection with his "bill."

At trial the appellant did not testify or call Bennett as a witness. In fact the defense offered no evidence at all. Appellant makes no claim on appeal that the trial independently shows a conflict of interest which would have entitled him to relief even if he had made "no objection" prior to appeal.

■ The mere fact of joint representation will not show an actual conflict of interest. *Holloway v. Arkansas*, 435 U.S. 475, 482, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426 (1978), where codefendants' interests are in conflict, the joint representation of codefendants by a single attorney may deprive a codefendant of his Sixth Amendment right to effective assistance of counsel, see, e.g., *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed.2d 680 (1942); *White v. United States*, 396 F.2d 822 (5th Cir.1968).

In *Lerma v. State*, 679 S.W.2d 488, 494 (Tex.Cr.App.1984) (Opinion on State's Motion for Rehearing), this Court, quoting the panel opinion on the law applicable to the issue of conflict of interest in the representation of codefendants stated:

"In *Holloway v. Arkansas*, 435 U.S. 475 [98 S.Ct. 1173, 55 L.Ed.2d 426] (1978), the United States Supreme Court explored the risk inherent in the representation of co-defendants and set forth standards for review when those risks were made known to the trial court. The Court held that when the possibility of inconsistent interests between co-defendants is brought home to the trial court, the court has an affirmative duty to assure that the co-defendants are not deprived of their right to the effective assistance of counsel. Once this duty arises, the trial court has an obligation either to see that the co-defendants are represented by separate counsel or to 'take adequate steps to ascertain whether the risk was too remote to warrant separate counsel.' *Id.* at 484 [98 S.Ct. at 1178]. Furthermore, the Court held that a defendant who has made an objection

to joint representation need not show specific harm and prejudice. Reversal is automatic whenever a trial court improperly requires joint representation over timely objection.

"Two years later the United States Supreme Court again took up the problem of conflict of interest. In *Cuyler v. Sullivan,* 446 U.S. 335 [100 S.Ct. 1708, 64 L.Ed.2d 333] (1980), the Court resolved two issues specifically reserved in *Holloway.* First, the Court held that without a timely objection to joint representation, trial courts have no affirmative duty to inquire whether a conflict of interest exists. As the Court put it, 'Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry.' *Id.* at 347 [100 S.Ct. at 1717]. Second, the Court held that without a trial objection, *Holloway's* presumption of harm will not be applied. 'In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.' *Id.* [100 S.Ct. at 1718]." (Quoting the Panel Opinion at pp. 400–491.)[4]

Further, in *Holloway v. Arkansas,* supra, the Court noted that when timely motion is made by defense counsel, representing several defendants, for appointment of separate counsel because of possible conflicts of interest the court may hold a hearing to explore adequacy of basis of representation regarding conflicts of interest without improperly requiring disclosure of confidential communication of client. The Court further held that when the trial court improperly requires joint representation of several defendants over timely objection, reversal is automatic; prejudice is presumed regardless of whether it was independently shown.

▓▓ And in *Cuyler v. Sullivan,* supra, the Court made clear that absent special circumstance trial courts may assume either that multiple representation entails no conflict of interest or that the lawyer and his clients knowingly accept such risk of conflict as may exist. Therefore, unless the trial court knows or reasonably should know that a particular conflict of interest exists, the court need not initiate an inquiry into the propriety of multiple representation. A defendant who objects to multiple representation must have the opportunity to show that potential conflicts impermissibly imperil his right to a fair trial. However, unless the trial court fails to afford such an opportunity, a reviewing court cannot presume that the possibility of conflict resulted in ineffective assistance of counsel.

In *Lerma v. State,* 679 S.W.2d 488 (Tex. Cr.App.1984) (Opinion on State's Motion for Rehearing), this Court held the trial court erred in not conducting an inquiry into the potential conflict of interest after a motion for continuance was filed on the basis that Guadalupe Lerma didn't want the same lawyer as he might testify against the codefendant, Salustrio Lerma, his brother. The presumption of harm was applied. The same result had been reached in an earlier panel opinion, but on rehearing this Court held that Salustrio Lerma was not entitled to the same relief as Guadalupe Lerma because he had not objected to the multiple representation arrangement.

▓▓▓ From *Holloway, Sullivan* and *Lerma* we gleaned that the mere fact of joint representation of codefendants does not translate into ineffective assistance of counsel. Absent special circumstances, trial courts may assume that multiple representations entail no conflicts of interest, unless the trial court knows or reasonably should know that a *particular* conflict of

---

**4.** See also *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), both decided on the same day, which leave *Cuyler v. Sullivan* intact as the standard for determining ineffective assistance of counsel in conflict of interest cases.

interest exists. The trial court need not initiate an inquiry into the propriety of multiple representation. A defendant who raises no objection at trial must demonstrate, in order to establish a Sixth Amendment violation arising from multiple representation, that an actual conflict of interest adversely affected his lawyer's performance.

If a timely objection to multiple representation or request for separate counsel on the basis of a potential conflict of interest is made, *Holloway* requires state trial courts to investigate such objections or requests. When inconsistent interests between codefendants are brought home to the trial court, the court has a duty to see that the codefendants are not deprived of their right to the effective assistance of counsel. When the duty arises, the court has an obligation to see that separate counsel is afforded, or to "take adequate steps to ascertain whether the risk was too remote to warrant separate counsel." *Holloway*, 98 S.Ct. at 1178. When a timely objection is made to joint or multiple representation, a defendant need not show specific harm and prejudice. Reversal is automatic whenever a trial court improperly requires joint representation over objection. Prejudice is presumed regardless of whether it is independently shown. *Holloway*, 98 S.Ct. at 1181. *Lerma* teaches that in these situations, however, each case will be adjudged on an individual basis. 679 S.W.2d 497.

In the instant case there was not a joint trial as in *Holloway* or *Lerma*. The provision of separate trials for appellant and his codefendant Bennett reduced the potential for a divergence in their interests. *Sullivan*, 100 S.Ct. at 1718. Appellant's retained counsel did write a pre-trial letter to the trial court. The letter was as much concerned with appellant's inability to pay his attorney's fees as it was with the undisclosed basis for a conflict of interest. The trial court may well have wondered whether one consideration was not connected with the other. At any rate the letter did not allege any fact to support the conclusion that there was a serious conflict of interest. The motion to withdraw filed shortly thereafter did not mention a conflict of interest or refer to the letter. It simply stated the appellant wanted counsel to withdraw so that all cases pending against him could be handled by the same attorney. It was not personally signed by appellant. The motion was overruled. After the trial commenced, the jury was impaneled and the indictment read and the plea entered, the trial court permitted appellant's counsel to make a "bill" on the motion to withdraw. Here again appellant's counsel mentioned conflict of interest without advancing any valid basis or any basis at all for his claim. His expressed concern was the hardship on codefendant Bennett, who lived out-of-state and who had employed and paid counsel first, in the event of his withdrawal from Bennett's case. In pointing out to counsel that his withdrawal in the Bennett case would assure appellant separate counsel, the trial court was noting that any undisclosed conflict of interest could be thus resolved.

In *Holloway* counsel was appointed to represent three defendants. He moved the court to appoint separate counsel for each defendant because of confidential information received from the three codefendants which confronted him with the risk of representing conflicting interests. Later he renewed the motion on the grounds one or two defendants might testify, and if they did, he could not cross-examine them because of the confidential information received. The motion was again denied. Later during trial counsel made the court aware that all three codefendants were going to testify despite his recommendation to the contrary. There can be no doubt that counsel made clear the basis of his claim of possible conflict of interest. In *Lerma*, as earlier noted, counsel made the court aware of his motion for continuance that one codefendant was planning to testify against his brother, the other codefend-

ant. He thus asserted a valid basis for his claim of possible conflict of interest. The instant case is unlike *Holloway* and *Lerma*.

We do not interpret *Holloway* or *Lerma* to mean that a defendant is entitled to automatic reversal with harm presumed if the claim of conflict of interest due to joint representation is advanced without some allegation or assertion of a logical supporting fact, and the trial court fails to make inquiry or conduct a hearing thereon.

Given all the circumstances in the instant case, we do not conclude the trial court erred. The appellant never advanced a valid basis for his claim of possible conflict of interest. Nevertheless, the court permitted appellant's counsel to perfect a "bill." During the perfection of such "bill" and despite the lack of a basis for his claim, the court inquired and duly noted that counsel could withdraw from the codefendant's case which had not yet been tried. While the procedure utilized does not fit an ideal mold, we find no basis for reversal, automatic or otherwise, on the contention advanced by appellant on appeal.

For the reasons stated, we reverse the judgment of the Court of Appeals and remand the cause for consideration of the grounds of error not previously disposed by the Court of Appeals.

CLINTON, J., concurs in the result.