Earl Stelmo **BROWN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–85–975–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 4, 1987.

Rehearing Denied July 9, 1987.

J. Gary Trichter, Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., Charles A. Rosenthal, Jr., Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

OPINION

JUNELL, Justice.

On Motion for Rehearing, we withdraw our opinion of April 23, 1987, and substitute the following opinion.

Earl Stelmo Brown appeals a felony conviction for possession of marihuana. The court sentenced appellant to eight years incarceration.

In two points of error appellant contends that (1) he was denied effective assistance of counsel due to a conflict of interest with appellant's co-defendant, and (2) the evidence is insufficient to support appellant's conviction. We affirm.

Appellant was indicted along with two co-defendants, Rene Janine Jackson and Craig Steven High. Attorney Zinetta A. Burney represented High and appellant and filed motions to suppress evidence for both clients. At the suppression hearing Houston Police Officer James Binford of the homicide division testified he investigated a double murder in which High was a suspect. Officer Binford believed the murders were related to the theft of money and drugs from a drug trafficking organization. Binford obtained an arrest warrant for High who was arrested in a house at 9307 Corner Oaks. Binford and other Houston officers searched the house for their own safety and found appellant and Rene Jackson.

Binford testified that when he entered the house he detected a strong odor of marihuana. In an open closet, in plain view, was a stack of bags of marihuana, several feet high and several feet long.

Appellant's counsel introduced testimony by a real estate agent that the appellant and Broderick Brown (who was not present or arrested at the scene) were lessees of the house located at 9307 Corner Oaks. Appellant's friend, Rene Jackson, testified that to her knowledge, appellant was the only person who actually was living at the house.

Appellant took the stand at the suppression hearing and testified he, in fact, was one of the lessees of the house. He admitted on cross-examination the marihuana belonged to him only and that neither Jackson nor High had any interest in the marihuana. The court overruled the suppression motions.

Appellant pled not guilty and the court admonished him, pointing out there was no plea bargain agreement. Appellant acknowledged his desire that the court try his case based upon a written stipulation of evidence:

> The Defendant agrees to the prosecution's introduction into evidence all properly admitted by the court at a hearing held on the Defendant's Motion to Suppress which was held on December 9, 1985....

■ In appellant's second point of error he asserts the evidence is insufficient to support his conviction. Appellant contends the court should not consider his suppression hearing testimony and admissions to determine his guilt and cites as authority *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). In *Simmons* the Supreme Court stated:

> We therefore hold that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt *unless he makes no objection*. (emphasis added).

*Simmons*, 390 U.S. at 394, 88 S.Ct. at 976.[1]

Appellant's reliance on Simmons is appropriate;[2] however, his contention fails since no objection was made to appellant's suppression hearing testimony being admitted at trial. The stipulation of evidence

contains no assertion of the Fifth Amendment's Self-Incrimination Clause. To claim this privilege it must be asserted by appellant. *See* R. Ray, Texas Law of Evidence Civil and Criminal § 484 at 482 (Texas Practice 3d ed. 1980). The record is without any claim of his Fifth Amendment privilege as well as any objection to appellant's admissions being introduced at trial.

The above-cited evidence, including appellant's own testimony, is sufficient to support appellant's conviction. Therefore, his second point of error is overruled.

■ In his first point of error appellant contends he was deprived of a fair trial due to the conflict of interest arising from his attorney's dual representation of appellant and High, co-defendants.[3] Appellant asserts that an actual and significant conflict of interest existed and that appellant would have been entitled to an acquittal as a matter of law but for the conduct of and evidence presented by trial counsel Burney at the suppression hearing. In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry. *Id.* at 347, 100 S.Ct. at 1717. *See also, Calloway v. State*, 699 S.W.2d 824, 829–30 (Tex.Crim. App.1985); *White v. Reiter*, 640 S.W.2d 586, 597 (1982).

We find appellant failed to demonstrate the existence of an actual conflict of interest which adversely affected his attorney's performance. Appellant contends that until his testimony was elicited by his attor-

---

1. Inappropriately, appellant quotes a headnote published with the *Simmons* opinion:
   > Testimony given by a defendant to meet standing requirements and to raise objection that evidence is fruit of unlawful search and seizure could not be admissible against him at trial on the question of guilt or innocence.

   Unfortunately, the headnote omits the necessity of an objection.

2. *See also, Brumfield v. State,* 445 S.W.2d 732 at 737 (Tex.Crim.App.1969).

3. Co-defendant High pled nolo contendere and received a sentence of eight years incarceration pursuant to a plea bargain agreement. One of the points of error High raised on appeal was ineffective assistance of counsel due to the dual representation. In an unpublished opinion this court dismissed his appeal for lack of jurisdiction because the trial court had not granted permission for the issues raised to be appealed as required under art. 44.02 Tex.Code Crim. Proc.Ann. (Vernon 1979).

ney at the suppression hearing, the State was unable to link appellant to the property (9307 Corner Oaks) and to the marihuana. However, the testimony of co-defendant Jackson that appellant was the only person living at the house and appellant's own admission that the marihuana belonged to him alone clearly link appellant to the property and to the marihuana. Appellant asserts his "liberty was jeopardized by his own testimony when he admitted ownership to the marihuana and exculpated Craig Steven High." However, under *Simmons, supra,* appellant was free to testify at the suppression hearing without fear that his testimony would be used later at trial to incriminate him. Moreover, the admission of ownership of the marihuana was elicited not by attorney Burney, but on cross-examination by the State. Burney was free to object to the State's questions and free to object to the introduction at trial of appellant's suppression hearing testimony.

While appellant may have reason to complain of Burney's failure to make these objections, we find the assertion of an actual conflict of interest based on dual representation to be without merit. Appellant's first point of error is also overruled.

The judgment of the trial court is affirmed.