In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-01-01231-CR
____________

STEVE PINA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 13 
Harris County, Texas
Trial Court Cause No. 1066565




MEMORANDUM OPINION
           Steve Pina, appellant, was charged by information with the misdemeanor offense of
unlawfully carrying a handgun. Trial was conducted before a jury on appellant’s plea of not
guilty. The jury found appellant guilty. The trial court assessed appellant’s punishment at
confinement in the Harris County Jail for one year and a fine of $500 and placed appellant
on community supervision for a period of one year, subject to various terms and conditions. 
Appellant filed a written notice of appeal and a motion for new trial. The trial court, after
holding a hearing, denied appellant’s motion for new trial. 
           Appellant, in his first two issues, claims that the trial court erred in denying his motion
for new trial because he was denied effective assistance of counsel due to an actual conflict
of interest and an inherent conflict of interest on the part of his trial counsel. In his third
issue, appellant claims that the trial court erred in failing to conduct a hearing sua sponte to
determine whether counsel was operating under a conflict of interest. In his fourth issue,
appellant claims that the trial court erred in denying his motion to suppress. In his last issue,
appellant claims that the trial court erred in denying his request for a jury charge on
temporary possession. We affirm.
Background
           On July 5, 2001, Houston Police Officer W.H. Fitzgerald was dispatched to the 7700
block of Battlewood in connection with a complaint that firearms were being discharged. 
Upon arrival at that location, Fitzgerald noticed some people sitting on and standing by a car
parked in front of 7711 Battlewood, appellant’s sister’s home. Appellant, his brother
Christopher, and two females were standing outside the car, and two males were sitting on
the trunk. Fitzgerald observed appellant, who was standing on the driver’s side of the car
near the passenger door, throw what appeared to be a silver pistol into the back seat of the
car. Appellant and Christopher began to walk away toward the house. Fitzgerald stepped
out of his car and commanded them to stop. Instead of stopping in response to the command,
they moved faster toward the house and entered the house despite Fitzgerald’s additional
requests that they come back. Fitzgerald searched the car and recovered the silver pistol and
two other pistols. He secured the weapons in the trunk of his car and detained the two
individuals who were sitting on the car before proceeding to the house.
           Fitzgerald first encountered Nancy, appellant’s sister, as he approached the front door.
She attempted to lock the door, but Fitzgerald grabbed it and opened it. When Fitzgerald
started to enter the house, Nancy pushed him and then backed up. Sergeant S. Sigue of the
Harris County Constable’s Office, Precinct 1, was the first backup officer to arrive at the
scene, and other city and county backup officers arrived shortly thereafter. Fitzgerald
borrowed Sigue’s handcuffs and, after a brief struggle, arrested Christopher. Appellant and
Nancy were also arrested.
Discussion
1. Motion for New Trial
            In his first two issues, appellant claims that the trial court erred in denying his motion
for new trial in which he raised ineffective assistance of counsel based on actual conflict of
interest and inherent conflict of interest.
           Standard of Review
           The standard of review for a trial court’s order denying a motion for new trial is abuse
of discretion. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). An appellate court
does not substitute its judgment for that of the trial court, but decides only whether the trial
court’s decision overruling a motion for new trial was arbitrary and unreasonable. Id. The
credibility of the witnesses is primarily a determination for the trial court. Hoyos v. State,
951 S.W.2d 503, 511 (Tex. App.—Houston [14th Dist.] 1997), aff’d, 982 S.W.2d 419 (Tex.
Crim. App. 1998). As finder of fact, the trial judge may accept or reject any part or all of the
testimony given by State or defense witnesses. Johnson v. State, 571 S.W.2d 170, 173 (Tex.
Crim. App. [Panel Op.] 1978).
           The defendant ordinarily has the burden of proof on a motion for new trial. See
Patrick v. State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). As a general rule, appellate
courts should afford almost total deference to the trial court’s determination of historical
facts supported by the record, especially, but not only, where based on an assessment of
credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997);
Guardiola v. State, 20 S.W.3d 216, 221-22 (Tex. App—Houston [14th Dist.] 2000, pet.
ref’d).
           Ineffective assistance of counsel may result when an attorney works under a conflict
of interest. Monreal v. State, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). A violation of
the right to reasonably effective assistance of counsel can be demonstrated by a defendant
who does not complain of a conflict of interest at trial only if the defendant shows (1) that
his counsel was burdened by an actual conflict of interest and was actively representing
conflicting interests and (2) that the conflict had an adverse effect on specific instances of
counsel’s performance. See Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S. Ct. 1708, 1717-1718 (1980); McKinny v. State, 76 S.W.3d 463, 477 (Tex. App.—Houston [1st Dist.] 2002,
pet. ref’d). In order to show an adverse effect, a defendant must demonstrate that some
plausible defense strategy or tactic might have been pursued, but was not, because of a
conflict of interest. Ramirez v. State, 13 S.W.3d 482, 487 (Tex. App.—Corpus Christi 2000),
pet. dism’d, improvidently granted, 67 S.W.3d 177 (Tex. Crim. App. 2001). The burden of
showing actual conflict of interest is on the defendant. Lerma v. State, 679 S.W.2d 488, 498
(Tex. Crim. App. 1984). Neither the mere assertion of a conflict of interest nor a showing
of a possible conflict of interest will support a claim of ineffective assistance of counsel. See
Cuyler, 466 U.S. at 350, 100 S. Ct. at 1719.
           An actual conflict of interest may be shown to exist under the following
circumstances: 
[A]n actual conflict of interest exists when one defendant stands to gain
significantly by counsel adducing probative evidence or advancing plausible
arguments that are damaging to the cause of a codefendant whom counsel is
also representing. 

Ferguson v. State, 639 S.W.2d 307, 310 (Tex. Crim. App. [Panel Op.] 1982). An actual
conflict of interest exists if counsel is required to make a choice between advancing his
client’s interest in a fair trial or advancing other interests, including his own, to the detriment
of his client’s interest. Monreal, 947 S.W.2d at 564.
           Appellant claims that an actual conflict of interest was evident because appellant’s
trial counsel advised Christopher and appellant not to testify and that such conflict
constituted evidence of counsel’s struggle to serve two masters. The record showed that
appellants relied in part on a common defense of illegal entry into the residence by the police. 
Appellant’s counsel testified at the hearing on the motion for new trial that the decision that
appellant and Christopher not testify was made for purely tactical reasons and pursuant to
their understanding and agreement. Additionally, the jury charge reflected appellants’
common defense of illegal entry into the residence by the police, and the jury was given a
Texas Code of Criminal Procedure article 38.23(a) charge in that regard. See Tex. Code
Crim. Proc. Ann. art. 38.23(a) (Vernon 2003). Appellant does not point to an instance
during trial in which an actual conflict of interest was evident, nor does our review of the
trial record indicate that a conflict actually existed among the codefendants. 
           Appellant’s second issue is that his counsel had an “inherent” conflict of interest, due
to the prospective civil rights lawsuit he could file on a contingent fee basis. Appellant claims
that counsel’s emphasis on the defense of illegal police conduct rather than defensive
theories particular to each defendant, such as insufficient evidence, was an indication of this
“inherent” conflict. While appellant cites Strickland v. Washington and Hernandez v. State
in support of this proposition, neither of these cases seems to distinguish “inherent” conflicts
of interest from “actual” conflicts of interest. See Strickland v. Washington, 466 U.S. 668,
687-88, 104 S. Ct. 2052, 2064 (1984); Hernandez v. State, 726 S.W.2d 53, 55-57 (Tex. Crim.
App. 1986). In fact, neither case appears to mention the concept of a “inherent” conflict of
interest. Therefore, given that this seems to be a mere difference in terminology, we will use
the Strickland standard in examining all of the conflicts of interest which appellant asserts.
           As stated previously, the burden of showing an actual conflict of interest is on the
defendant. Lerma v. State, 679 S.W.2d at 498. Here, appellant has not shown that the
prospect of a civil trial had an adverse effect on counsel’s performance or on counsel’s trial
strategy. Therefore, the trial court did not abuse its discretion in denying appellant’s motion
for new trial. We overrule appellant’s first two issues.
2. Hearing on Conflict of Interest
           In his third issue, appellant claims that the trial court erred in not holding a sua sponte
hearing to determine if trial counsel was operating under a conflict of interest. Although
appellant did not object during trial to the possibility of a conflict of interest, he contends that
a case involving three defendants with three different charges should have put the court on
notice of a possible conflict of interest.
           Standard of Review
           In certain cases, representation by the same attorney of multiple defendants in the
same criminal trial may constitute ineffective assistance of counsel. Holloway v. Arkansas,
435 U.S. 475, 489-90, 98 S. Ct. 1173, 1181-82 (1978); James v. State, 763 S.W.2d 776, 778
(Tex. Crim. App. 1989). Without an objection to joint representation, however, trial courts
have no affirmative duty to inquire whether a conflict of interest exists. Lerma v. State, 679
S.W.2d at 494. Unless the trial court knows or reasonably should know that a particular
conflict exists, the court may assume that there is no conflict and need not initiate an inquiry. 
Cuyler v. Sullivan, 446 U.S. at 347, 100 S. Ct. at 1717-18; Calloway v. State, 699 S.W.2d
824, 829-30 (Tex. Crim. App. 1985). In this case, appellant’s brief does not point to an
instance during trial that might have put the trial court on notice of a possible conflict of
interest. We overrule appellant’s third issue.
3. Motion to Suppress
           In his fourth issue, appellant claims that the trial court erred in denying his motion to
suppress. Appellant claims that Fitzgerald was not in hot pursuit when he entered Nancy’s
home because there was a break in the continuity of the pursuit, i.e., while Fitzgerald secured
the weapons and arrested the other suspects.
           Standard of Review
           We review a trial court’s ruling on a motion to suppress evidence for abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Taylor v. State,
945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). The Court will
afford almost total deference to a trial court’s determination of historical facts that the record
supports, especially when the findings are based on the evaluation of credibility and
demeanor. Guzman v. State, 955 S.W.2d at 89. The fact finder is the sole judge of the
witnesses’ credibility and may accept or reject any or all of the witnesses’ testimony. Taylor,
945 S.W.2d at 297. In reviewing a ruling on a question of application of law to facts, we
review the evidence in the light most favorable to the trial court’s ruling. Guzman, 955
S.W.2d at 89.
           During the motion to suppress hearing, Fitzgerald testified that he ordered appellant
and Christopher Pina to stop after observing appellant throw the pistol into the back seat of
the car. They did not stop as ordered and entered Nancy’s house. Fitzgerald testified that
he momentarily detained the other two suspects and secured the weapons found in the
automobile before pursuing appellant and Christopher into the house where he had seen them
enter and go in and out before his approach. In denying appellant’s motion to suppress, the
trial court found that Fitzgerald was in hot pursuit of appellant and Christopher and had the
authority to enter the residence.
           However, it is important to note that, regardless of the legality of any arrest, no
evidence was recovered by the police. Nancy’s house was not searched and no evidence was
removed from it. The trial court did not err in denying appellant’s motion to suppress
because there were no suppressible fruits of any arrest. See Blondett v. State, 921 S.W.2d
469, 473 (Tex. App.—Houston [14th Dist.] 1996, pet. ref’d). Appellant cannot be considered
a fruit of the arrest. See id. We overrule appellant’s fourth issue.
Jury Charge on Temporary Possession
           In his fifth issue, appellant claims that the trial court erred in refusing to instruct the
jury on the defense of temporary possession.
           Appellant cites cases relating to a “temporary possession” defense. The caselaw cited
by appellant relates to a defense existing before the adoption of the current penal code, which
does not provide for a defense of temporary possession of a handgun. See Christian v. State,
686 S.W.2d 930, 934 (Tex. Crim. App. 1985) (McCormick, J., concurring) (stating that
momentary possession is not a statutory defense to prosecution under Texas Penal Code
section 46.02).
           Assuming, arguendo, that appellant was entitled to an instruction on any defensive
theory raised by the evidence, it is important to note that no evidence was introduced
showing that his possession of the gun was temporary. See Birch v. State, 948 S.W.2d 880,
882-84 (Tex. App.—San Antonio 1997, no pet.). We overrule appellant’s fifth issue.
 
Conclusion
           We affirm the trial court’s judgment. 
 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).