In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-01-01232-CR
____________

NANCY MARCELA PINA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 13 
Harris County, Texas
Trial Court Cause No. 1066563




MEMORANDUM OPINION
           Nancy Marcela Pina, appellant, was charged by information with the misdemeanor
offense of interfering with the duties of a public servant. The information alleged that
appellant acted with criminal negligence by trying to prevent the arrest of Steve Pina and
thereby interrupted, disrupted, impeded, and interfered with the duty and authority of a public
servant. Trial was conducted before a jury on appellant’s plea of not guilty. The jury found
appellant guilty. The trial court assessed appellant’s punishment at 180 days confinement
and a fine of $500 and placed appellant on community supervision for a period of one year,
subject to various terms and conditions. Appellant filed a written notice of appeal and a
motion for new trial. The trial court, after holding a hearing, denied appellant’s motion for
new trial. 
           Appellant, in her first two issues, claims that the trial court erred in denying her
motion for new trial because she was denied effective assistance of counsel due to an actual
conflict of interest and an inherent conflict of interest on the part of her trial counsel. In her
third issue, appellant claims that the trial court erred in failing to conduct a hearing sua
sponte to determine whether counsel was operating under a conflict of interest. In her last
issue, appellant claims that the trial court erred in denying her motion to suppress. We affirm.
Background
           On July 5, 2001, Houston Police Officer W.H. Fitzgerald was dispatched to the 7700
block of Battlewood in connection with a complaint that firearms were being discharged. 
Upon arrival at that location, Fitzgerald noticed some people sitting on and standing by a car
parked in front of 7711 Battlewood, appellant’s home. Appellant’s brothers, Christopher and
Steve, and two females were standing outside the car, and two males were sitting on the
trunk. Fitzgerald observed Steve, who was standing on the driver’s side of the car near the
passenger door, throw what appeared to be a silver pistol into the back seat of the car. Steve
and Christopher began to walk away toward the house. Fitzgerald stepped out of his car and
commanded them to stop. Instead of stopping in response to the command, they moved
faster toward the house and entered the house despite Fitzgerald’s additional requests that
they come back. Fitzgerald searched the car and recovered the silver pistol and two other
pistols. He secured the weapons in the trunk of his car and detained the two individuals who
were sitting on the car before proceeding to the house.
           Fitzgerald first encountered appellant as he approached the front door. She attempted
to lock the door, but Fitzgerald grabbed it and opened it. When Fitzgerald started to go into
the house, appellant pushed him and then backed up. Sergeant S. Sigue of the Harris County
Constable’s Office, Precinct 1, was the first backup officer to arrive at the scene, and other
city and county backup officers arrived shortly thereafter. Fitzgerald borrowed Sigue’s
handcuffs, and after a brief struggle, arrested Christopher. Appellant and Steve were also
arrested.
Discussion
1. Motion for New Trial
            In her first two issues, appellant claims that the trial court erred in denying her motion
for new trial in which she raised ineffective assistance of counsel based on actual conflict of
interest and inherent conflict of interest.
           Standard of Review
           The standard of review for a trial court’s order denying a motion for new trial is abuse
of discretion. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). An appellate court
does not substitute its judgment for that of the trial court, but decides only whether the trial
court’s decision overruling a motion for new trial was arbitrary and unreasonable. Id. The
credibility of the witnesses is primarily a determination for the trial court. Hoyos v. State,
951 S.W.2d 503, 511 (Tex. App.—Houston [14th Dist.] 1997), aff’d, 982 S.W.2d 419 (Tex.
Crim. App. 1998). As finder of fact, the trial judge may accept or reject any part or all of the
testimony given by State or defense witnesses. Johnson v. State, 571 S.W.2d 170, 173 (Tex.
Crim. App. [Panel Op.] 1978).
           The defendant ordinarily has the burden of proof on a motion for new trial. See
Patrick v. State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). As a general rule, appellate
courts should afford almost total deference to the trial court’s determination of historical
facts supported by the record, especially, but not only, where based on an assessment of
credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997);
Guardiola v. State, 20 S.W.3d 216, 221-22 (Tex. App—Houston [14th Dist.] 2000, pet.
ref’d).
           Ineffective assistance of counsel may result when an attorney works under a conflict
of interest. Monreal v. State, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). A violation of
the right to reasonably effective assistance of counsel can be demonstrated by a defendant
who does not complain of a conflict of interest at trial only if the defendant shows (1) that
his counsel was burdened by an actual conflict of interest and was actively representing
conflicting interests and (2) that the conflict had an adverse effect on specific instances of
counsel’s performance. See Cuyler v. Sullivan, 446 U.S. 343, 348, 100 S. Ct. 1708,1717-18
(1980); McKinny v. State, 76 S.W.3d 463, 477 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d). In order to show an adverse effect, a defendant must demonstrate that some plausible
defense strategy or tactic might have been pursued, but was not, because of a conflict of
interest. Ramirez v. State, 13 S.W.3d 482, 487 (Tex. App.—Corpus Christi 2000), pet.
dism’d, improvidently granted, 67 S.W.3d 177 (Tex. Crim. App. 2001). The burden of
showing actual conflict of interest is on the defendant. Lerma v. State, 679 S.W.2d 488, 498
(Tex. Crim. App. 1984) (opinion on reh’g). Neither the mere assertion of a conflict of
interest nor a showing of a possible conflict of interest will support a claim of ineffective
assistance of counsel. See Cuyler, 466 U.S. at 350, 100 S. Ct. at 1719.
           An actual conflict of interest may be shown to exist under the following
circumstances: when one defendant stands to gain significantly by counsel’s adducing
probative evidence or advancing plausible arguments that are damaging to the cause of a
codefendant whom counsel is also representing, see Ferguson v. State, 639 S.W.2d 307, 310
(Tex. Crim. App. [Panel Op.] 1982); or when counsel is required to make a choice between
advancing his client’s interest in a fair trial or advancing other interests, including his own,
to the detriment of his client’s interest see Monreal v. State, 947 S.W.2d 559, 564 (Tex.
Crim. App. 1997).
           Appellant claims that an actual conflict of interest was evident because appellant’s
trial counsel advised Christopher and Steve not to testify and that such conflict constituted
evidence of counsel’s struggle to serve two masters. The record showed that appellants
relied in part on a common defense of illegal entry into the residence by the police. 
Appellant’s counsel testified at the hearing on the motion for new trial that the decision that
Christopher and Steve not testify was made for purely tactical reasons and pursuant to their
understanding and agreement. Additionally, the jury charge reflected appellants’ common
defense of illegal entry into the residence by the police, and the jury was given a Texas Code
of Criminal Procedure article 38.23(a) charge in that regard. See Tex. Code Crim. Proc.
Ann. art. 38.23(a) (Vernon 2003). Appellant does not point to an instance during trial in
which an actual conflict of interest was evident, nor does our review of the trial record
indicate that a conflict actually existed among the codefendants. 
           Appellant’s second issue is that his counsel had an “inherent” conflict of interest, due
to the prospective civil rights lawsuit he could file on a contingent fee basis. Appellant claims
that counsel’s emphasis on the defense of illegal police conduct rather than defensive
theories particular to each defendant, such as insufficient evidence, was an indication of this
“inherent” conflict. While appellant cites Strickland v. Washington and Hernandez v. State
in support of this proposition, neither of these cases seems to distinguish “inherent” conflicts
of interest from “actual” conflicts of interest. See Strickland v. Washington, 466 U.S. 668,
687-88, 104 S. Ct. 2052, 2064 (1984); Hernandez v. State, 726 S.W.2d 53, 55-57 (Tex. Crim.
App. 1986). In fact, neither case appears to mention the concept of a “inherent” conflict of
interest. Therefore, given that this seems to be a mere difference in terminology, we will use
the Strickland standard in examining all of the conflicts of interest that appellant asserts.
           As stated previously, the burden of showing an actual conflict of interest is on the
defendant. Lerma v. State, 679 S.W.2d at 498. Here, appellant has not shown that the
prospect of a civil trial had an adverse effect on counsel’s performance or on counsel’s trial
strategy. Therefore, the trial court did not abuse its discretion in denying appellant’s motion
for new trial. We overrule appellant’s first two issues.
2. Hearing on Conflict of Interest
           In her third issue, appellant claims that the trial court erred in not holding a hearing
sua sponte, to determine if trial counsel was operating under a conflict of interest. Although
appellant did not object during trial as to the possibility of a conflict of interest, she contends
that a case involving three defendants with three different charges should have put the court
on notice of a possible conflict of interest.
           Standard of Review
           In certain cases, representation by the same attorney of multiple defendants in the
same criminal trial may constitute ineffective assistance of counsel. Holloway v. Arkansas,
435 U.S. 475, 489-90, 98 S. Ct. 1173, 1181-82 (1978); James v. State, 763 S.W.2d 776, 778
(Tex. Crim. App. 1989). Without an objection to joint representation, however, trial courts
have no affirmative duty to inquire whether a conflict of interest exists. Lerma v. State, 679
S.W.2d at 494. Unless the trial court knows or reasonably should know that a particular
conflict exists, the court may assume that there is no conflict and need not initiate an inquiry. 
Cuyler v. Sullivan, 446 U.S. at 347, 100 S. Ct. at 1717-18; Calloway v. State, 699 S.W.2d
824, 829-30 (Tex. Crim. App. 1985). In this case, appellant’s brief does not point to an
instance that might have put the trial court on notice of a possible conflict of interest. We
overrule appellant’s third issue.
3. Motion to Suppress
           In her fourth issue, appellant claims that the trial court erred in denying her motion
to suppress. Appellant claims that Fitzgerald was not in hot pursuit of appellant’s brothers
when he entered appellant’s home because there was a break in the continuity of the pursuit,
i.e., while Fitzgerald secured the weapons and arrested the other suspects.
           We review a trial court’s ruling on a motion to suppress evidence for abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Taylor v. State,
945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). The Court will
afford almost total deference to a trial court’s determination of historical facts that the record
supports, especially when the findings are based on the evaluation of credibility and
demeanor. Guzman v. State, 955 S.W.2d at 89. The fact finder is the sole judge of the
witnesses’ credibility and may accept or reject any or all of the witnesses’ testimony. Taylor,
945 S.W.2d at 297. In reviewing a ruling on a question of application of law to facts, we
review the evidence in the light most favorable to the trial court’s ruling. Guzman, 955
S.W.2d at 89.
           During the motion to suppress hearing, Fitzgerald testified that he ordered Christopher
and Steve Pina to stop after observing Steve throw the pistol into the back seat of the car. 
They did not stop as ordered and entered appellant’s house. Fitzgerald testified that he
momentarily detained the other two suspects and secured the weapons found in the
automobile before pursuing Steve and Chris into the house where he had seen them enter and
go in and out before his approach. In denying appellant’s motion to suppress, the trial court
found that Fitzgerald was in hot pursuit of appellant’s brothers, and had the authority to enter
the residence.
           However, it is important to note that, regardless of the legality of any arrest, no
evidence was recovered by the police. Appellant’s house was not searched and nothing was
removed from it. The trial court did not err in denying appellant’s motion to suppress
because there were no suppressible fruits of any arrest. See Blondett v. State, 921 S.W.2d
469, 473 (Tex. App.—Houston [14th Dist.] 1996, pet. ref’d). Appellant cannot be considered
a fruit of the arrest. See id. Furthermore, appellant’s complaint that her brother’s arrests
were illegal, is immaterial. Pursuant to section 38.03 (a) and (b) of the Texas Penal Code,
appellant cannot rely on a claim of unlawful arrest of her brothers because it is no defense
to her prosecution. See Tex. Pen. Code Ann. § 38.03(a), (b) (Vernon 2003). We overrule
appellant’s fourth issue.
Conclusion
           We affirm the trial court’s judgment. 
 
 
                                                                             Sam Nuchia
                                                                             Justice
 

Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).