Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





MIGUEL RUEDA,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-08-00186-CR

Appeal from
 Criminal District Court No. 1

of El Paso County, Texas

(TC # 20070D01087)



 

 

 




O P I N I O N

            Miguel Rueda appeals his conviction of possession with intent to deliver more than 400
grams of cocaine. Appellant waived his right to a jury trial and entered a negotiated plea of
guilty. The trial court found Appellant guilty and assessed his punishment in accordance with the
plea bargain at imprisonment for a term of fifteen years. We affirm.
FACTUAL SUMMARY
            Officer Gabriel Corral, a K-9 officer, conducted a traffic stop of a vehicle driven by
Alfredo Tapia because Tapia did not signal his intent to turn. Appellant was a passenger in the
vehicle. Both Tapia and Appellant were extremely nervous during the traffic stop. Tapia
consented to a search of the truck but added that the truck belonged to someone in Appellant’s
family. Corral then asked Appellant for consent to search the vehicle and Appellant agreed. 
Tapia and Appellant exited the vehicle and sat on the curb while Corral searched the truck with
his K-9, Barry. The dog alerted to the odor of narcotics in the portion of the extended cab behind
the seats. Corral found two bricks of cocaine in a compartment behind the driver’s seat. Tapia
gave a statement in which he admitted he was paid $500 to deliver the two packages. Appellant
made a video-recorded statement in which he said he had been present when the truck was
loaned to Tapia. 
            Both Tapia and Appellant were indicted for possession of more than 400 grams of
cocaine and El Paso attorney, Gary Hill, represented both men. Following a hearing, the trial
court denied a motion to suppress filed by Tapia and Appellant.


 Appellant later waived his right
to a jury trial and entered a negotiated plea of guilty. The trial court found Appellant guilty and
assessed his punishment in accordance with the plea bargain at imprisonment for a term of fifteen
years. Appellant filed notice of appeal and a motion for new trial alleging that the State failed to
prove a prima facie case and new evidence had been discovered which would exonerate
Appellant. The motion for new trial was overruled by operation of law. The trial court granted
Appellant’s request for permission to appeal. 
CONFLICT OF INTEREST
            Appellant raises two issues related to counsel’s alleged conflict of interest. In Issue One,
Appellant contends that the trial court erred by failing to conduct a hearing after becoming aware
of trial counsel’s potential conflict of interest arising from his dual representation of Appellant
and co-defendant Tapia. In his second issue, Appellant argues that he was denied the effective
assistance of counsel at trial because of the conflict.
            In certain cases, representation by the same attorney of multiple defendants in the same
criminal trial may constitute ineffective assistance of counsel. Holloway v. Arkansas, 435 U.S.
475, 489-90, 98 S.Ct. 1173, 1181-82, 55 L.Ed.2d 426 (1978); James v. State, 763 S.W.2d 776,
778 (Tex.Crim.App. 1989); Howard v. State, 966 S.W.2d 821, 825 (Tex.App.--Austin 1998, pet.
ref’d). Without an objection to joint representation, however, trial courts have no affirmative
duty to inquire whether a conflict of interest exists. Lerma v. State, 679 S.W.2d 488, 494
(Tex.Crim.App. 2003); Howard, 966 S.W.2d at 825. Unless the trial court knows or reasonably
should know that a particular conflict exists, the court may assume that there is no conflict and
need not initiate an inquiry. Cuyler v. Sullivan, 446 U.S. 335, 347, 100 S.Ct. 1708, 1717-18, 64
L.Ed.2d 333 (1980); Calloway v. State, 699 S.W.2d 824, 829-30 (Tex.Crim.App. 1985);
Howard, 966 S.W.2d at 825.
              The record does not reflect an objection in the trial court to the joint representation, but 
Appellant maintains that the existence of the joint representation put the trial court on notice of a
potential conflict of interest. Contrary to Appellant’s argument, the mere fact that an attorney
engages in joint representation of two defendants does not put the trial court on notice of a
potential conflict of interest such that the trial court would be required to conduct a hearing on its
own motion to determine whether a conflict of interest might exist. See Howard, 966 S.W.2d at
825-26 (noting that weight of Texas authority precluded a holding that the district court was
obligated under the Texas Constitution to sua sponte conduct a hearing into the possibility that
trial counsel might experience a conflict of interest by representing both defendants at trial). We
have found nothing in the record showing the trial court was put on notice of that a conflict of
interest might exist. Accordingly, the court did not err by not conducting a hearing on the issue. 
See Pina v. State, 127 S.W.3d 68, 73-74 (Tex.App.--Houston [1st Dist.] 2003, no pet.)(rejecting
argument that joint representation of three defendants should have put trial court on notice of a
conflict of interest); Howard, 966 S.W.2d at 826 (rejecting argument that the trial court was
obligated to sua sponte conduct a hearing into potential conflict of interest where attorney
represented two defendants). We overrule Issue One.
            While ineffective assistance of counsel may result when an attorney labors under a
conflict of interest, an attorney’s joint representation of two or more defendants is not per se
violative of constitutional guarantees of effective assistance. Monreal v. State, 947 S.W.2d 559,
564 (Tex.Crim.App.1997); James v. State, 763 S.W.2d 776, 778 (Tex.Crim.App. 1989). In order
to prevail on a claim of ineffective assistance based on a conflict of interest, a defendant must
show that (1) his counsel was burdened by an actual conflict of interest and (2) the conflict had
an adverse effect on specific instances of counsel’s performance. Cuyler v. Sullivan, 446 U.S.
335, 348-350, 100 S.Ct. 1708, 1718-19, 64 L.Ed.2d 333 (1980); Monreal, 947 S.W.2d at 564. 
An actual conflict of interest exists if counsel is required to choose between advancing his own
client’s interests in a fair trial or advancing other interests, including his own, to the detriment of
his client’s interest. Monreal, 947 S.W.2d at 564; James, 763 S.W.2d at 778. In the context of
multiple representation cases, an actual conflict arises when one defendant stands to gain
significantly by counsel adducing evidence or arguments that are damaging to the cause of a co-defendant whom counsel is also representing. Routier v. State, 112 S.W.3d 554, 584
(Tex.Crim.App. 2003); James, 763 S.W.2d at 779. To show the adverse effect required under
the second prong of the Cuyler standard, the defendant must show that some plausible defense
strategy or tactic might have been pursued but was not because of a conflict of interest. Pina,
127 S.W.3d at 72.
            Appellant maintains that trial counsel labored under an actual conflict of interest because
Appellant could have mounted a defense that he was an “ignorant bystander” and the cocaine
belonged to Tapia. He adds that the two defendants “may have pointed accusatory fingers at one
another, or in some way contradicted or refused the other’s version of the facts.” But the record
does not support Appellant’s claim that he intended to incriminate Tapia while claiming
innocence or that he would have pursued such a defense had he been represented by a different
attorney. And there is no evidence that the two men had conflicting defenses. Appellant has
failed in his burden to prove an actual conflict of interest existed. See James, 763 S.W.2d at 780-81 (no conflict of interest existed where each defendant’s alibi was distinct, neither defendant
attempted to incriminate the other, and the record did not show that either defendant would have
pursued a defense in which he blamed the other). It is therefore unnecessary to address the
second part of the Cuyler standard. We overrule Issue Two.
VOLUNTARINESS OF THE GUILTY PLEA
            In Issue Three, Appellant complains that his guilty plea was not voluntary because the
trial court did not ascertain whether he had read the plea papers, whether his attorney had
explained everything to him, or whether he understood the court’s explanation of the charge. 
            The constitutional key to validity of a guilty plea is that it be voluntary and intelligently
made and, if upon advice of an attorney, that counsel be reasonably competent and render
effective assistance. Meyers v. State, 623 S.W.2d 397, 401 (Tex.Crim.App. 1981), citing Brady
v. United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The purpose of
Article 26.13 is to ensure that only a constitutionally valid plea is entered and accepted by the
judge of the trial court. Meyers, 623 S.W.2d at 402. This article requires a trial court to
admonish a criminal defendant of certain facts and rights prior to accepting a plea of guilty.
Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon 2009). Substantial compliance with the
requirements of Article 26.13 is sufficient unless the defendant affirmatively shows he was not
aware of the consequences of his guilty plea and was misled or harmed by the court’s
admonishments. Tex.Code Crim.Proc.Ann. art. 26.13(c)(Vernon Supp. 2010). Further, the
admonitions required by Article 26.13 can be made either orally or in writing. Tex.Code
Crim.Proc.Ann. art. 26.13(d). If the court makes the admonitions in writing, it must receive a
statement signed by the defendant and the defendant’s attorney that he understands the
admonitions and is aware of the consequences of his plea. Tex.Code Crim.Proc.Ann. art.
26.13(d).
            The record before us reflects that the trial court admonished Appellant in writing as
permitted by Article 26.13(d). The clerk’s record includes a ten-page document entitled “Court’s
Notice to Defendant of Rights, Written Admonishments, Waiver of Rights, Judicial Confession,
and Plea Agreement.” The document advised Appellant of his constitutional rights and included
the admonishments required by Article 26.13. At the bottom of the first page which contained
the admonitions regarding Appellant’s constitutional rights and the effect of his guilty plea on
citizenship and immigration status, Appellant signed indicating he had read the page and
understood its contents. The next section addressed the charge against Appellant, the range of
punishment, the punishment recommendation, and the impact on Appellant’s right to appeal. 
Appellant placed his signature at the conclusion of the section acknowledging he had read this
section and understood the contents. The following section addressed community supervision,
deferred adjudication, and parole. Appellant again acknowledged he had read the section and
understood the contents by placing his signature at the conclusion of the section. The plea papers
also included a section subtitled “Acknowledgement and Waivers” wherein Appellant
acknowledged his various constitutional rights and waiver of them. Appellant signed at the
conclusion reflecting he had read the section, understood its contents, and had signed it for the
stated purpose. Appellant also acknowledged in writing that he fully understood the nature of the
charges against him, but he wished to avoid trial and to plead guilty. The plea papers included
Appellant’s judicial confession. Appellant’s attorney represented in writing that he had
explained Appellant’s rights to him, and he certified to the trial court that Appellant was fully
aware of the nature of the charges against him, he had advised Appellant of any possible defenses
he might have, Appellant had freely and voluntarily waived his rights, and Appellant understood
the admonishments set forth in the document and was aware of the consequences of his guilty
plea. At the conclusion of the document, the trial court found that Appellant understood the
nature of the charges against him and the consequences of his waiving his rights, and that his
guilty plea was freely and voluntarily made. 
            At the guilty plea, the trial court verified that Appellant had signed the plea papers and he
admonished Appellant about the nature of the charge, the range of punishment, what would
happen if the court decided to not follow the plea recommendation, and the impact of Appellant’s
guilty plea on his citizenship and immigration status. Appellant indicated to the trial court he
understood each of the admonishments. Trial counsel represented he had explained these matters
to Appellant and he stated he believed Appellant was making a free, voluntary, and knowing
waiver of his rights. 
            Appellant argues his guilty plea is involuntary because the trial court did not ask
Appellant during the guilty plea whether he had read the plea papers, whether his attorney had
explained the papers to him, or whether he understood them. There is no requirement that the
judge orally inquire about voluntariness of a plea after a defendant has signed written
admonishments, statements, or waivers, and it is established that the defendant has understood
them. Lee v. State, 39 S.W.3d 373, 375 n.1 (Tex.App.--Houston [1st Dist.] 2001, no pet.);
Edwards v. State, 921 S.W.2d 477, 479 (Tex.App.--Houston [1st Dist.] 1996, no pet.). Article
26.13(d) expressly permits the trial court to admonish the defendant in writing provided the court
receives a statement signed by the defendant and the defendant’s attorney that he understands the
admonitions and is aware of the consequences of his plea. Tex.Code Crim.Proc.Ann. art.
26.13(d). The plea papers contain a statement complying with this requirement. Further,
Appellant’s attorney represented to the trial court during the guilty plea hearing that he had
explained these matters to Appellant and he believed Appellant was making a free, voluntary,
and knowing waiver of his rights.
            The record reflects that the trial court properly admonished Appellant in accordance with
Article 26.13. This is prima facie evidence that Appellant entered a knowing and voluntary
guilty plea; consequently, the burden shifted to Appellant to show he did not fully understand the
consequences of his plea. See Mallett v. State, 65 S.W.3d 59, 64 (Tex.Crim.App. 2001). There
is nothing in the record supporting Appellant’s assertion that he did not understand the
admonishments or the consequences of his guilty plea. We overrule Issue Three and affirm the
judgment of the trial court.

May 28, 2010                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)