Opinion issued September 30, 2004. 







 





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00851-CR




WILLIE T. LOCKETT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 944,328




MEMORANDUM OPINION
          Willie T. Lockett, appellant, pleaded not guilty to the felony of theft–third
offender. The jury found him guilty and found two enhancement paragraphs true. 
The trial court assessed punishment at three years’ confinement. In three points of
error, appellant contends that (1) the evidence is legally and factually insufficient to
support his conviction and (2) the trial court abused its discretion by denying him a
new trial. We affirm.
                                                    BACKGROUND
          On April 2, 2003, L. Sibrian, a loss prevention investigator for Lord and
Taylor’s department store at the Willowbrook Mall, saw appellant enter the jewelry
department and select four rings from a rotating jewelry display. Appellant placed
three rings in the right pocket of his jeans and held one ring in his left hand. Sibrian,
who was watching appellant from the loss prevention office, began to track appellant
throughout the store with a security camera.


 After concealing the rings, appellant
walked past several cash registers and store employees. Appellant left the store
without purchasing the rings. Sibrian saw appellant leave the store with the rings and
immediately began following appellant. Sibrian stopped appellant, displayed his
badge, identified himself as Lord and Taylor’s loss prevention investigator, and
requested that appellant return the store merchandise. Appellant gave Sibrian the
ring concealed in his left hand. Sibrian escorted appellant back to the loss prevention
office, searched appellant for weapons, and recovered the other three rings from
appellant’s pocket. The total value of the rings was $150. 
          Appellant was indicted for theft as a third offender.


 Before trial, appellantfiled a motion in limine to exclude extraneous offense evidence. The trial court
conditionally granted appellant’s motion preventing the introduction of extraneous
offense evidence in the State’s case-in-chief unless appellant testified. Appellant also
moved to quash the enhancement paragraphs, alleging that his prior misdemeanor theft
conviction in cause number 3-82923-95 in Collin County was void because he was not
represented by counsel at the punishment hearing and, therefore, could not be used to
elevate his sentence to a felony. The trial court denied appellant’s motion. 
Sufficiency of the Evidence
A.      Legal Sufficiency
          In his first point of error, appellant asserts that the evidence was legally
insufficient to support his conviction. Specifically, appellant contends that the State
failed to prove beyond a reasonable doubt that a theft was committed or that appellant
had two valid prior theft convictions.
          A legal-sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). As the exclusive judges of the
facts, the credibility of the witnesses, and the weight to be given their testimony, the
jurors may believe or disbelieve all or any part of a witness’s testimony. Penagraph
v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981).
          To establish the charged offense, the State had to prove that (1) appellant
unlawfully appropriated property with intent to deprive the owner of the property; (2)
the value of the property stolen was less than $1,500; and (3) appellant had previously
been convicted two or more times of any grade of theft. Tex. Pen. Code Ann.
§31.03(e)(4)(D) (Vernon Supp. 2004).
          The indictment in the instant case alleged that appellant appropriated, by
acquiring or otherwise exercising control over property, namely four rings, owned by
complainant, valued under $1,500, with the intent to deprive complainant of the
property. The indictment further alleged that, prior to the instant offense, appellant
was twice convicted of misdemeanor theft: (1) on November 22, 2002, in cause
number 1145153 in Harris County, and (2) on May 4, 1999, in cause number 3-82923-95 in Collin County. 
          Appellant contends the evidence is legally insufficient to prove that he
committed the offense of theft at the Lord and Taylor store because (1) appellant
testified that the only item he gave to Sibrian was a business card; (2) the rings atissue were never entered into evidence; and (3) the videotape did not show appellant
taking the rings or putting the rings in his pocket. 
          At trial, the State presented the testimony of Sibrian, Lord and Taylor’s loss
prevention investigator. Sibrian testified that he followed appellant with a
surveillance camera and watched appellant take four rings, place three rings in his
pocket while keeping one in his hand, and leave the department store without
purchasing the rings. After appellant left the store, Sibrian confronted appellant, who
gave Sibrian the ring that had been concealed in appellant’s hand. The other three
rings were recovered from appellant’s pocket after Sibrian escorted appellant back to
Sibrian’s office to conduct a search. 
          Additionally, the State admitted into evidence a photograph of the four rings
obtained from appellant and a videotape showing Sibrian confronting appellant
outside the department store and escorting appellant back inside the store. The
photograph of the four rings shows each ring attached to a card that appears to be
about the same size as a business card. 
          Viewing the evidence in the light most favorable to the verdict, a rational trier
of fact could have found that appellant appropriated, by acquiring or otherwise
exercising control over the four rings, owned by the department store, with the intent
to deprive complainant of the property. Therefore, we hold that the evidence was
legally sufficient to support appellant’s conviction for theft. 
          Appellant also contends the evidence is legally insufficient to prove that he was
validly convicted of one of the two prior theft convictions used in the sentence
enhancement paragraphs for the current offense because (1) the appellant informed the
trial court that he was denied counsel at the sentencing phase of the Collin County
theft conviction; and (2) neither the Collin County judgment nor the Collin County
sentence recommendation indicates that the appellant was represented at the
sentencing phase of the Collin County theft conviction. 
          The State offered the testimony of Officer Haley, a latent print examiner with
the Harris County Sheriff’s Department. Appellant did not object to Haley’s
testimony; nor did appellant cross-examine the witness. Haley testified that, on the
day of trial, she took two inked-fingerprints from appellant and compared them to
those on appellant’s jail card and appellant’s prior judgments and sentences used by
the State to enhance the instant conviction. Haley identified the fingerprints on those
documents as belonging to appellant. Specifically, Haley read to the jury the cause
number and offense on each of appellant’s two prior judgments and sentences, upon
which appellant’s fingerprints were present. 
          During his cross-examination by the State, appellant admitted, without
objection, that (1) both enhancement paragraphs used to enhance the instant
conviction were true, (2) he had been convicted of several theft charges in the past,
and (3) he used “to steal a lot.” Although appellant claimed he was not represented
by an attorney at sentencing for the Collin County theft conviction, appellant never
suggested during his testimony at trial that he was not represented during the
sentencing phase of the Collin County conviction.
          A defendant’s confession of prior theft conviction is sufficient to prove the
allegation that defendant was convicted of the theft offenses alleged for enhancement
purposes. See Bush v. State, 642 S.W.2d 787, 789 (Tex. Crim. App. 1983). Moreover,
it is well-settled that a prior conviction alleged for enhancement may be established
by certified copies of a judgment and sentence and authenticated copies of the Texas
Department of Criminal Justice records, including fingerprints, supported by expert
testimony matching them to the known prints of the defendant. Carriere v. State, 84
S.W.3d 753, 758 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (holding the
absence of defendant’s thumbprint on judgment is not enough to hold prior conviction
void). 
           Viewing the evidence in the light most favorable to the verdict, a rational trier
of fact could have found that, prior to the instant offense, appellant was twice
convicted of misdemeanor theft. Accordingly, we hold that the evidence was legally
sufficient to support appellant’s conviction for theft, as a third offense. 
          We overrule appellant’s first point of error.
 
B.      Factual Sufficiency
          In his second point of error, appellant contends that the evidence was factually
insufficient to support his conviction. We review the factual sufficiency of the
evidence by reviewing all of the evidence neutrally, not in the light most favorable to
the prosecution. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a
factual-sufficiency review, we may not substitute our own judgment for that of the fact
finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). The Court of
Criminal Appeals has recently discussed the factual sufficiency standard: 
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? However,
there are two ways in which the evidence may be insufficient. First,
when considered by itself, evidence supporting the verdict may be too
weak to support the finding of guilt beyond a reasonable doubt. Second,
there may be both evidence supporting the verdict and evidence contrary
to the verdict. Weighing all evidence under this balancing scale, the
contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty verdict
should not stand. This standard acknowledges that evidence of guilt can
“preponderate” in favor of conviction but still be insufficient to prove the
elements of the crime beyond a reasonable doubt. Stated another way,
evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard. 
Zuniga v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004).
We must consider the most important evidence that appellant claims undermines the
jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
          Appellant contends the evidence is factually insufficient because (1) the rings
at issue were never entered into evidence; (2) the videotape did not show appellant
putting the rings in his pocket; (3) Sibrian changed his testimony to reflect the fact that
no tape exists of the rings being taken and placed in appellant’s pocket; (4) no
fingerprints were found on the rings to connect the appellant to the evidence; (5) no
witnesses besides Sibrian and Haley were called to testify; and (6) appellant did not
have two valid prior theft convictions as alleged in the indictment because he was not
represented by counsel at sentencing for the misdemeanor theft conviction in Collin
County. 
          At trial, Sibrian testified that, watching appellant on a monitor connected to
cameras throughout the store, he saw appellant enter the jewelry department and select
four rings from a rotating jewelry display. Sibrian testified that a VCR malfunction
prevented all the events that he witnessed involving appellant (i.e. appellant entering
the jewelry department, appellant’s selection of the four rings, and appellant’s
concealment of the four rings) from being properly recorded. Sibrian testified that
appellant placed three rings in his pocket and held one ring in his left hand. After
concealing the rings, appellant walked past several cash registers and left the store
without purchasing the rings. Sibrian saw appellant leave the store with the rings. 
Sibrian stopped appellant, displayed his badge, identified himself as Lord and Taylor’s
loss prevention investigator, and requested that appellant return the store 
merchandise. Appellant gave Sibrian the ring concealed in his left hand. Sibrian
escorted appellant back to the loss prevention office, searched appellant for weapons,
and recovered the other three rings from appellant’s pocket. The total value of the
rings was $150.
          On direct examination, appellant testified that he was walking through the Lord
and Taylor store, as he did most mornings when he was working, to get to the mall’s
food court. Appellant stopped in the jewelry department to speak with a friend of his
named Debra who worked there. However, appellant testified that he did not
unlawfully appropriate any rings from the Lord and Taylor store. Appellant testified
that he had a business card in his hand at the time he left the store. Appellant was
approached by Sibrian who told him to “give me what you got.” Appellant testified
that he thought Sibrian was joking with him, but nevertheless handed over the
business card to Sibrian. Sibrian asked appellant to follow him to Sibrian’s office
where appellant testified that they talked all the while, appellant still believing that
Sibrian was joking. 
          Appellant testified on cross-examination that the two enhancement paragraphs
alleged in the instant case, one of which was the Collin County theft conviction, were
true. Appellant admitted that he had additional theft convictions from other counties. 
Without objection, the State presented the judgment for each of the two misdemeanor
theft convictions at issue in the instant case.
          A jury decision is not manifestly unjust merely because the jury resolved
conflicting views of evidence in favor of the State. Cain v. State, 958 S.W.2d 404,
410 (Tex. Crim. App. 1997). The determination of what weight to give contradictory
testimonial evidence is within the sole province of the jury, as it turns on an evaluation
of credibility and demeanor. Id. at 408-09. Thus, the jury was free to believe all or
any part of the testimony of the State’s witnesses, and disbelieve all or any part of the
testimony of appellant. A court of appeals must show deference to such a jury finding. 
Id. at 409. 
          Examining all of the evidence neutrally, we conclude that the proof of guilt was
not so obviously weak as to undermine confidence in the jury’s determination, nor was
the contrary evidence so strong that it greatly outweighed the proof of guilt. 
Accordingly, we overrule appellant’s second point of error. 
Motion for New Trial
          In his third point of error, appellant contends that the trial court abused its
discretion by denying appellant’s motion for new trial, alleging that one of his prior
theft convictions, used to enhance the instant conviction, was void. See Tex. Pen.
Code Ann. § 31.03(e)(4)(D) (Vernon Supp. 2004). 
          The standard of review for a trial court’s denying a motion for new trial is abuse
of discretion. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). A trial court
has wide discretion in granting or denying motions for new trial. Salazar v. State, 38
S.W.3d 141, 148 (Tex. Crim. App. 2001); Pina v. State, 127 S.W.3d 68, 72 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). An appellate court does not substitute its
judgment for that of the trial court, but decides only whether the trial court’s ruling
was arbitrary or unreasonable, constituting an abuse of discretion. Salazar, 38 S.W.3d
at 148. The credibility of the witnesses is primarily a determination for the trial court. 
Pina, 127 S.W.3d at 72. As a general rule, appellate courts should afford almost total
deference to the trial court’s determination of historical facts supported by the record,
especially, but not only, where based on an assessment of credibility and demeanor. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); Guardiola v. State, 20
S.W.3d 216, 221-22 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). 
          A prior conviction used to enhance a subsequent offense may be collaterally
attacked on direct appeal of the subsequent conviction if the prior conviction is void
or if it is tainted by a constitutional defect. Galloway v. State, 578 S.W.2d 142, 143
(Tex. Crim. App. 1979). Such a prior conviction is void when the record demonstrates
that the accused (1) was not represented by counsel, (2) was indigent, and (3) had not
made a knowing and intelligent waiver of his constitutional right to counsel. 
Disheroon v. State, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985). When prior
convictions are collaterally attacked, the judgments reflecting those prior convictions
are presumed to be regular and the accused bears the burden of overcoming that
presumption. Campise v. State, 745 S.W.2d 534, 535 (Tex. App.—Houston [1st Dist.]
1988, no pet.). Recitations in the judgment give rise to a presumption of regularity
and truthfulness in the proceedings, absent an affirmation showing to the contrary. 
Breazeale v. State, 683 S.W.2d 446, 450-51 (Tex. Crim. App. 1985). The presumption
of regularity is a judicial construction that requires a reviewing court, absent evidence
of impropriety, to indulge every presumption in favor of the regularity of the
proceedings and documents in the lower court. Light v. State, 15 S.W.3d 104, 107
(Tex. Crim. App. 2000). 
          Here, appellant asserts that his prior theft conviction in cause number 3-82923-95 in Collin County was void because he was denied the right of counsel during
sentencing. Appellant relies on (1) the absence of defense counsel’s signature on the
sentence recommendation in the now-challenged prior conviction, and (2) his
testimony that his prior conviction was void. During a pre-trial hearing to quash the
enhancement, appellant admitted that he had counsel during the pleading phase of the
prior conviction at issue, but testified that he did not have counsel at sentencing. 
However, the judgment from the Collin County prior theft conviction recites that
appellant was either represented by counsel or voluntarily, knowingly, and
intelligently waived his right to counsel. The Collin County judgment was admitted
into evidence without objection. 
          Mere assertions by a defendant that he was without the assistance of counsel at
a prior conviction are not sufficient to overcome the presumption of regularity of the
records before the court in the case. Maddox v. State, 591 S.W.2d 898, 903 (Tex.
Crim. App. 1979) (holding the absence of a defense counsel’s name on a sentence
does not overcome the presumption defendant was represented). The fact that the
sentence recommendation from the Collin County conviction contains a blank space
where appellant’s counsel should have signed does not provide the requisite proof that
appellant was not represented by counsel at sentencing for the prior conviction. See
Wilmeth v. State, No. 08-00-00410-CR, 2002 WL 971794 (Tex. App.—El Paso May
9, 2002, pet. ref’d) (not designated for publication) (holding that unsigned sentence
recommendation does not overcome presumption of regularity when judgment recited
that appellant had counsel or voluntarily, knowingly, and intelligently waived
counsel). Accordingly, appellant has not met his burden of proof to overcome the
presumption of the regularity of court records. Therefore, the trial court did not abuse
its discretion by denying the motion for new trial. We overrule appellant’s third point
of error. 
CONCLUSION
          We affirm the judgment of the trial court.
 
 
 
                                                             Sherry Radack
                                                             Chief Justice
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
 
Do not publish. Tex. R. App. P. 47.2(b).