In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-01-01230-CR
____________

CHRISTOPHER PINA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 13 
Harris County, Texas
Trial Court Cause No. 1066564




O P I N I O N 
           Christopher Pina, appellant, was charged by information with the misdemeanor
offense of evading arrest. Trial was conducted before a jury on appellant’s plea of not guilty. 
The jury found appellant guilty. The trial court assessed appellant’s punishment at
confinement in the Harris County Jail for 180 days and a fine of $500 and placed appellant
on community supervision for a period of one year, subject to various terms and conditions. 
Appellant filed a written notice of appeal and a motion for new trial. The trial court, after
holding a hearing, denied appellant’s motion for new trial. 
           Appellant, in his first two issues, claims that the trial court erred in denying his motion
for new trial because he was denied effective assistance of counsel due to an actual conflict
of interest and an inherent conflict of interest on the part of his trial counsel. In his third
issue, appellant claims that the trial court erred in failing to conduct a hearing sua sponte to
determine whether counsel was operating under a conflict of interest. In his fourth issue,
appellant claims that the trial court erred in denying his motion to suppress. In his fifth and
sixth issues, appellant claims that the evidence was legally and factually insufficient to
support the finding that the officer was attempting to legally detain him. We affirm.
Background
           On July 5, 2001, Houston Police Officer W.H. Fitzgerald was dispatched to the 7700
block of Battlewood in connection with a complaint that firearms were being discharged. 
Upon arrival at that location, Fitzgerald noticed some people sitting on and standing by a car
parked in front of 7711 Battlewood, appellant’s sister’s home. Appellant, his brother Steve,
and two females were standing outside the car, and two males were sitting on the trunk. 
Fitzgerald observed Steve, appellant’s brother, who was standing on the driver’s side of the
car near the passenger door, throw what appeared to be a silver pistol into the back seat of
the car. Appellant and Steve began to walk away toward the house. Fitzgerald stepped out
of his car and commanded them to stop. Instead of stopping in response to the command,
they moved faster and entered the house despite Fitzgerald’s additional requests that they
come back. Fitzgerald searched the car and recovered the silver pistol and two other pistols. 
He secured the weapons in the trunk of his car and detained the two individuals who were
sitting on the car before proceeding to the house.
           Fitzgerald first encountered Nancy, appellant’s sister, as he approached the front door. 
She attempted to lock the door, but Fitzgerald grabbed it and opened it. When Fitzgerald
started to go into the house, Nancy pushed him and then backed up. Sergeant S. Sigue of the
Harris County Constable’s Office, Precinct 1, was the first backup officer to arrive at the
scene, and other city and county backup officers arrived shortly thereafter. Fitzgerald
borrowed Sigue’s handcuffs and, after a brief struggle, arrested Christopher. Steve and
Nancy were also arrested.
Discussion
1. Motion for New Trial
           In his first two issues, appellant claims that the trial court erred in denying his motion
for new trial in which he raised ineffective assistance of counsel based on actual conflict of
interest and inherent conflict of interest.
           Standard of Review
           The standard of review for a trial court’s order denying a motion for new trial is abuse
of discretion. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). An appellate court
does not substitute its judgment for that of the trial court, but decides only whether the trial
court’s decision overruling a motion for new trial was arbitrary and unreasonable. Id. The
credibility of the witnesses is primarily a determination for the trial court. Hoyos v. State,
951 S.W.2d 503, 511 (Tex. App.—Houston [14th Dist.] 1997), aff’d, 982 S.W.2d 419 (Tex.
Crim. App. 1998). As finder of fact, the trial judge may accept or reject any part or all of the
testimony given by State or defense witnesses. Johnson v. State, 571 S.W.2d 170, 173 (Tex.
Crim. App. [Panel Op.] 1978).
           The defendant ordinarily has the burden of proof on a motion for new trial. See
Patrick v. State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). As a general rule, appellate
courts should afford almost total deference to the trial court’s determination of historical
facts supported by the record, especially, but not only, where based on an assessment of
credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997);
Guardiola v. State, 20 S.W.3d 216, 221-22 (Tex. App—Houston [14th Dist.] 2000, pet.
ref’d).
           Ineffective assistance of counsel may result when an attorney works under a conflict
of interest. Monreal v. State, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). A violation of
the right to reasonably effective assistance of counsel can be demonstrated by a defendant
who does not complain of a conflict of interest at trial only if the defendant shows (1) that
his counsel was burdened by an actual conflict of interest and was actively representing
conflicting interests and (2) that the conflict had an adverse effect on specific instances of
counsel’s performance. See Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S.Ct. 1708, 1717-1718 (1980); McKinny v. State, 76 S.W.3d 463, 477 (Tex. App.—Houston [1st Dist.] 2002,
pet. ref’d). In order to show an adverse effect, a defendant must demonstrate that some
plausible defense strategy or tactic might have been pursued, but was not, because of a
conflict of interest. Ramirez v. State, 13 S.W.3d 482, 487 (Tex. App.—Corpus Christi 2000),
pet. dism’d, improvidently granted, 67 S.W.3d 177 (Tex. Crim. App. 2001). The burden of
showing actual conflict of interest is on the defendant. Lerma v. State, 679 S.W.2d 488, 498
(Tex. Crim. App. 1984) (opinion on reh’g). Neither the mere assertion of a conflict of
interest nor a showing of a possible conflict of interest will support a claim of ineffective
assistance of counsel. See Cuyler, 466 U.S. at 350, 100 S. Ct. at 1719.
           An actual conflict of interest may be shown to exist under the following
circumstances:
[A]n actual and significant conflict of interest exists when one defendant
stands to gain significantly by counsel adducing probative evidence or
advancing plausible arguments that are damaging to the cause of a codefendant
whom counsel is also representing. 

Ferguson v. State, 639 S.W.2d 307, 310 (Tex. Crim. App. [Panel Op.] 1982). In addition,
an actual conflict of interest exists if counsel is required to make a choice between advancing
his client’s interest in a fair trial or advancing other interests, including his own, to the
detriment of his client’s interest. Monreal v. State, 947 S.W.2d 559, 564 (Tex. Crim. App.
1997).
           Appellant claims that an actual conflict of interest was evident because appellant’s
trial counsel advised Steve and appellant not to testify and that such conflict constituted
evidence of counsel’s struggle to serve two masters. The record showed that appellants
relied in part on a common defense of illegal entry into the residence by the police. 
Appellant’s counsel testified at the hearing on the motion for new trial that the decision that
appellant and Steve not testify was made for purely tactical reasons and pursuant to their
understanding and agreement. Additionally, the jury charge reflected appellants’ common
defense of illegal entry into the residence by the police, and the jury was given an article
38.23(a) charge in that regard. See Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon
2003). Appellant does not point to an instance during trial in which an actual conflict of
interest was evident, nor does our review of the trial record indicate that a conflict actually
existed among the codefendants. 
           Appellant’s second issue is that his counsel had an “inherent” conflict of interest, due
to the prospective civil rights lawsuit he could file on a contingent fee basis. Appellant
claims that counsel’s emphasis on the defense of illegal police conduct rather than defensive
theories particular to each defendant, such as insufficient evidence, was an indication of this
“inherent” conflict. While appellant cites Strickland v. Washington and Hernandez v. State
in support of this proposition, neither of these cases seems to distinguish “inherent” conflicts
of interest from “actual” conflicts of interest. See Strickland v. Washington, 466 U.S. 668,
687-88, 104 S. Ct. 2052, 2064 (1984); Hernandez v. State, 726 S.W.2d 53, 55-57 (Tex. Crim.
App. 1986). In fact, neither case appears to mention the concept of a “inherent” conflict of
interest. Therefore, given that this seems to be a mere difference in terminology, we will use
the Strickland standard in examining all of the conflicts of interest that appellant asserts.
           As stated previously, the burden of showing an actual conflict of interest is on the
defendant. Lerma v. State, 679 S.W.2d at 498. Here, appellant has not shown that the
prospect of a civil trial had an adverse effect on counsel’s performance or on counsel’s trial
strategy. Therefore, the trial court did not abuse its discretion in denying appellant’s motion
for new trial. We overrule appellant’s first two issues.
2. Hearing on Conflict of Interest
           In his third issue, appellant claims that the trial court erred in not holding a hearing
sua sponte to determine if trial counsel was operating under a conflict of interest. Although
appellant did not object during trial to the possibility of a conflict of interest, he contends that
a case involving three defendants with three different charges should have put the court on
notice of a possible conflict of interest.
           Standard of Review
           In certain cases, representation by the same attorney of multiple defendants in the
same criminal trial may constitute ineffective assistance of counsel. Holloway v. Arkansas,
435 U.S. 475, 489-90, 98 S. Ct. 1173, 1181-82 (1978); James v. State, 763 S.W.2d 776, 778
(Tex. Crim. App. 1989). Without an objection to joint representation, however, trial courts
have no affirmative duty to inquire whether a conflict of interest exists. Lerma v. State, 679
S.W.2d at 494. Unless the trial court knows or reasonably should know that a particular
conflict exists, the court may assume that there is no conflict and need not initiate an inquiry. 
Cuyler v. Sullivan, 446 U.S. at 347, 100 S. Ct. at 1717-18; Calloway v. State, 699 S.W.2d
824, 829-30 (Tex. Crim. App. 1985). In this case, appellant’s brief does not point to an
instance during trial that might have put the trial court on notice of a possible conflict of
interest. We overrule appellant’s third issue.
 
3. Motion to Suppress
           In his fourth issue, appellant claims that the trial court erred in denying his motion to
suppress. Appellant claims that Fitzgerald was not in hot pursuit when he entered Nancy’s
home because there was a break in the continuity of the pursuit, i.e., while Fitzgerald secured
the weapons and arrested the other suspects.
           Standard of Review
           We review a trial court’s ruling on a motion to suppress evidence for abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Taylor v. State,
945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). The Court will
afford almost total deference to a trial court’s determination of historical facts that the record
supports, especially when the findings are based on the evaluation of credibility and
demeanor. Guzman v. State, 955 S.W.2d at 89. The fact finder is the sole judge of the
witnesses’ credibility and may accept or reject any or all of the witnesses’ testimony. Taylor,
945 S.W.2d at 297. In reviewing a ruling on a question of application of law to facts, we
review the evidence in the light most favorable to the trial court’s ruling. Guzman, 955
S.W.2d at 89.
           During the motion to suppress hearing, Fitzgerald testified that he ordered appellant
and Steve Pina to stop after observing Steve throw the pistol into the back seat of the car. 
They did not stop as ordered and entered Nancy’s house. Fitzgerald testified that he
momentarily detained the other two suspects and secured the weapons found in the
automobile before pursuing appellant and Steve into the house where he had seen them enter
and go in and out before his approach. In denying appellant’s motion to suppress, the trial
court found that Fitzgerald was in hot pursuit of appellant and Steve and had the authority
to enter the residence.
           However, it is important to note that, regardless of the legality of any arrest, no
evidence was recovered by the police. Nancy’s house was not searched and no evidence was
removed from it. The trial court did not err in denying appellant’s motion to suppress
because there were no suppressible fruits of any arrest. See Blondett v. State, 921 S.W.2d
469, 473 (Tex. App.—Houston [14th Dist.] 1996, pet. ref’d). Appellant cannot be considered
a fruit of the arrest. See id. We overrule appellant’s fourth issue.
4. Legal Sufficiency of the Evidence
           In his fifth issue, appellant challenges the legal sufficiency of the evidence supporting
his conviction for evading arrest. He contends that the underlying attempt to detain him was
unlawful and that his conviction for attempting to evade a lawful arrest or detention cannot
therefore be supported. The thrust of appellant's argument is that the only knowledge the
officer had after arriving on the scene was that appellant was one of four other people in the
presence of Steve Pina, who was alleged to be holding the gun. Appellant argues that this
knowledge amounts to reasonable suspicion necessary to detain Steve, but not appellant.
           When reviewing the legal sufficiency of the evidence, we review the evidence in the
light most favorable to the conviction and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000).
           A person commits the misdemeanor offense of evading arrest if he intentionally flees
from a person he knows is a peace officer lawfully attempting to arrest or detain him. Tex.
Pen. Code Ann. § 38.04(a), (b) (Vernon 2003). The lawfulness of the attempted detention
is an element of the offense that must be proven by the State. Guillory v. State, 99 S.W.3d
735, 741 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). A detention for the purpose
of investigating possible criminal behavior is lawful where the police officer can point to
specific and articulable facts that, taken together with rational inferences from those facts,
reasonably warrant the intrusion. Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85
(1968); Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). We must review the
totality of the circumstances of each case to see whether the officer had a particular and
objective basis for having suspected wrongdoing. United States v. Arvizu, 534 U.S. 266, 273,
122 S. Ct. 744, 750 (2002).
           In this case, the jury heard testimony that Fitzgerald received a call to investigate shots
fired in the vicinity of 7700 Battlewood. When Fitzgerald approached Nancy’s house, he
saw two males sitting on the trunk of a car. Standing on the passenger side of the car were
two females and a male, who turned out to be appellant, and standing on the driver’s side of
the car, close to the back passenger door, was Steve Pina. Fitzgerald observed that Steve
threw what appeared to be a silver pistol into the back seat of the car and began to walk
away. Appellant joined him and both began to walk towards the house. At this point,
Fitzgerald stepped out of his car and commanded both to stop, but neither of them stopped. 
Once more, Fitzgerald described their clothes and ordered them to stop and come back, but
both picked up the pace and went in the house. 
           Fitzgerald was presented with a situation in which there was a reasonable suspicion
of criminal activity, namely the discharge of firearms and the illegal carrying of a handgun. 
Fitzgerald approached the scene in a marked patrol car. As he arrived he saw appellant and
Steve Pina walk away immediately after Steve had thrown a firearm into a car. This
presented a situation where temporary detention of those near the vehicle for the purpose of
investigating criminal behavior would be necessary. In fact, the two men near the vehicle
were detained after appellant and Steve entered the house. When appellant joined the person
who had just thrown a weapon into a vehicle, ignored instructions to stop given by a
uniformed officer, and fled toward Nancy Pina’s house after being told to stop, Fitzgerald
had justification to temporarily detain him and investigate the situation. Our review of the
evidence indicates that a rational juror could conclude, based on the testimony and evidence
presented, that Fitzgerald had reasonable suspicion of wrongdoing thatjustified his attempt
to detain appellant. We overrule Appellant’s fifth point of error.
5. Factual Sufficiency of the Evidence
           In his sixth issue, appellant challenges the factual sufficiency of the evidence
supporting his conviction by claiming that the evidence presented was not factually sufficient
to find that he evaded arrest. In reviewing the factual sufficiency of the evidence, we view
the evidence without the prism of “in the light most favorable to the verdict.” Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We may not substitute our judgment for that
of the jury and may set aside the verdict only if it is so contrary to the overwhelming weight
of the evidence that the verdict is clearly wrong and unjust. Cain v. State, 958 S.W.2d 404,
407 (Tex. Crim. App. 1997). Fitzgerald testified for the State that appellant failed to follow
his command to stop and that appellant fled into Nancy Pina’s house. Although appellant
produced contrary testimony, the jury, as trier of fact, was free to believe the State’s
witnesses and to disbelieve appellant. The evidence is factually sufficient to support the
verdict of the jury. We overrule appellant’s sixth point of error. Conclusion
           We affirm the trial court’s judgment.
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Justices Hedges, Nuchia, and Higley.
Publish. Tex. R. App. P. 47.2 (b).