In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00257-CR
______________________________


RODERICK TAYLOR JACKSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 21,585


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Roderick Taylor Jackson was convicted by a jury of committing multiple thefts
pursuant to one scheme or continuing course of conduct, the aggregate amount of the
stolen property being $1,500.00 or more, but less than $20,000.00.


 Jackson's
punishment, with enhancements, was assessed by the jury at twenty years' imprisonment
and a $10,000.00 fine. Jackson appeals, contending that the trial court erred in failing to
grant him a new trial and that his trial counsel was ineffective for failing to request a limiting
instruction to the jury. We overrule these contentions and affirm the judgment.
          The standard of review for a trial court's order denying a motion for new trial is
abuse of discretion. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). An appellate
court does not substitute its judgment for that of the trial court, but decides only whether
the trial court's decision overruling a motion for new trial was arbitrary and unreasonable. 
Pina v. State, 127 S.W.3d 68, 72 (Tex. App.—Houston [1st Dist.] 2003, no pet.).
          In his motion for new trial, Jackson alleged his trial counsel was ineffective for: 
1) failing to request a limiting instruction to the jury, and 2) failing to show to all the
witnesses a picture of the person Jackson claims was the person who committed the
crime. The first basis on which Jackson contended in his motion for new trial that his
counsel was ineffective is the same as his second point of error in this appeal, but he does
not complain of the trial court's failure to grant his motion for new trial on that basis. 
Instead, he complains of the failure to grant the motion for new trial only on the second
basis for ineffective assistance of counsel alleged in the motion. We therefore will consider
both points of error together as alleging ineffective assistance of counsel. If we determine
counsel was not ineffective, then it follows that the trial court did not abuse its discretion
in denying the motion for new trial, since ineffective assistance of counsel is the only basis
on which Jackson contended he was entitled to a new trial.
          The standard for testing claims of ineffective assistance of counsel is set out in 
Strickland v. Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional
claims in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on
a claim of ineffective assistance, an appellant must, by a preponderance of the evidence,
prove: (1) trial counsel's performance fell below an objective standard of reasonableness,
and (2) counsel's deficient representation prejudiced appellant's defense. Strickland, 466
U.S. at 687; Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); Rosales v. State,
4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, an appellant must show
that the attorney's representation fell below the standard of prevailing professional norms
and that there is a reasonable probability that, but for the attorney's deficiency, the result
of the trial would have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000). In other words, the appellant must prove counsel's representation so undermined
the proper functioning of the adversarial process that the trial cannot be relied on as having
produced a just result. Strickland, 466 U.S. at 686. If, however, "there is at least the
possibility that the conduct could have been legitimate trial strategy," then we must "defer
to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." 
Murphy v. State, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003). "Any allegation of
ineffectiveness must be firmly founded in the record and the record must affirmatively
demonstrate the alleged ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex.
Crim. App. 1996). Counsel is presumed to have rendered adequate assistance and made
all significant decisions in the exercise of reasonable professional judgment. Ex parte
Varelas, 45 S.W.3d 627, 629 (Tex. Crim. App. 2001). 
          The indictment in this case alleged nine separate thefts in nine separate
paragraphs. The State abandoned the allegations in two of these paragraphs at the
beginning of trial. After the State rested its case-in-chief at the guilt/innocence phase,
Jackson's counsel moved, outside the presence of the jury, for instructed verdicts of not
guilty as to the allegations in two additional paragraphs. The State presented no evidence
concerning the allegations contained in one of these paragraphs and did not oppose
Jackson's motion as to that paragraph. The State's evidence as to the allegations
contained in the other paragraph proved an attempted theft, but failed to prove an
appropriation as alleged in the indictment. The trial court granted the motion for instructed
verdict as to both paragraphs. Jackson's counsel then moved the court to strike the
testimony concerning the attempted theft and to instruct the jury to disregard it in its
entirety. The trial court impliedly denied this motion, stating that the evidence was relevant
to show Jackson's identity and continuing course of conduct.


 Jackson now complains
because his trial counsel failed to request a limiting instruction at the time this evidence
was admitted. 
          Tex. R. Evid. 105(a) provides in relevant part as follows:
When evidence which is admissible . . . for one purpose but not admissible
. . . for another purpose is admitted, the court, upon request, shall restrict the
evidence to its proper scope and instruct the jury accordingly; but, in the
absence of such request the court's action in admitting such evidence
without limitation shall not be a ground for complaint on appeal.

The Texas Court of Criminal Appeals has construed this rule to require a request for a
limiting instruction at the time of the admission of the evidence. Hammock v. State, 46
S.W.3d 889, 894 (Tex. Crim. App. 2001). 
[W]hen an extraneous offense is admitted in the guilt phase of a trial, failing
to give a limiting instruction at the time of admission may result in the jury
drawing inferences about the defendant's guilt based upon character
conformity, a use of the evidence that was not contemplated by the trial
court.

Jackson v. State, 992 S.W.2d 469, 478 (Tex. Crim. App. 1999). A defendant not only has
the burden of requesting a limiting instruction at the time the evidence is admitted, the
defendant also has the burden of requesting such an instruction in the court's charge to
the jury. Varelas, 45 S.W.3d at 631 n.3. When a defendant properly requests a limiting
instruction, the trial court errs in not giving it. Id. at 631. 
          As noted above, in responding to Jackson's motion to strike the testimony
concerning the attempted theft, the trial court stated that the testimony was admissible for
the purpose of showing Jackson's identity and continuing course of conduct. These
statements, however, were outside the presence of the jury. If Jackson's counsel had
requested the court to instruct the jury that it could consider this testimony only for those
limited purposes, the trial court would have been required to give that instruction. See id. 
The record in this case, however, is silent as to why trial counsel did not request such an
instruction to the jury. Trial counsel testified at the hearing on Jackson's motion for new
trial and acknowledged he did not make such a request. However, he was not asked—and
he did not volunteer—why he did not request a limiting instruction. We decline to
speculate as to what his explanation might have been.
          Because trial counsel is presumed to have rendered adequate assistance and made
all significant decisions in the exercise of reasonable professional judgment, and because
the decision not to request a limiting instruction could have been legitimate trial strategy,
we must conclude, in the face of a silent record, that Jackson failed to meet his burden of
showing that his trial counsel's assistance in this regard was ineffective. 
          Jackson also contends his trial counsel was ineffective in failing to show to all the
witnesses a picture of his brother-in-law, Freddy Royal, whom Jackson claims was the
person who committed the crime. A private investigator, appointed by the trial court at the
request of appellate counsel, testified at the hearing on Jackson's motion for new trial that
he showed a picture (presumably after the trial) of Royal to several of the victims and that
two of them identified Royal as the person who actually committed the crime. Jackson
complains the only person at his trial who was shown a picture of Royal was a defense
witness. Jackson argues that, if his trial counsel had shown Royal's picture to all the
victims, he could have established serious doubts about those victims' in-court
identification of him. He contends this failure deprived him of the effective assistance of
counsel.
          Again, the record is silent as to the reasons for trial counsel's conduct. Counsel
acknowledged at the hearing on Jackson's motion for new trial he did not show the picture
to each and every witness, but he was not asked—and he did not volunteer—why he so
acted. Such conduct could clearly be legitimate trial strategy, and we cannot hold, based
on this silent record, that such conduct denied Jackson reasonably effective assistance of
counsel.
          Nonetheless, the evidence of Jackson's identity as the perpetrator of these crimes
was sufficient for the jury to find him guilty beyond a reasonable doubt. Four victims made 
positive identifications of Jackson in the courtroom as the person who stole from them. 
One of these victims testified the person who stole from him had a scar on his left arm. 
Jackson displayed his arm to the victim in open court, and the victim identified it as the
same one he saw on the person who stole from him. Three victims also identified Jackson
at the scene of his arrest. One alleged victim could not make a positive identification of
Jackson in court or at the scene of his arrest.
          If it is true, as the investigator testified at the hearing on the motion for new trial, that
two of the victims identified a picture of Royal as the person who stole from them, then
perhaps Jackson's counsel could have "muddied the water" by showing that picture to all
the victims at trial. However, in the absence of any evidence as to why counsel acted as
he did, we cannot say Jackson was denied effective assistance of counsel by counsel's
failure to show Royal's picture to all the witnesses. 
          Having concluded Jackson was not denied effective assistance of counsel, we also
conclude the trial court did not abuse its discretion in denying Jackson's motion for new
trial.
          We affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      September 22, 2004
Date Decided:         January 5, 2005

Do Not Publish