Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-10-00893-CR

Ricky **CASTILLO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. 273394
Honorable Karen Crouch, Judge Presiding

Opinion by:  Catherine Stone, Chief Justice

Sitting:  Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  October 12, 2011

REVERSED AND RENDERED

Ricky Castillo challenges the legal sufficiency of the evidence in support of his conviction for evading detention. We reverse the trial court's judgment and render a judgment of acquittal.

## BACKGROUND

Officer Gabriel Medina and Officer Laura Valencia, who work for the Bexar County Constable's Office, were traveling in a marked patrol car when they were flagged down by

Officer Joseph Martinez, a plain-clothed officer, who was driving an unmarked vehicle. Another plain-clothed officer was in the front passenger seat, and a uniformed deputy sheriff was in the back seat.

Officer Medina testified, "we were instructed if we could go assist to hit a location where they believe that there was individuals who were going to run from the location." Officer Valencia testified that they were flagged down "to help assist them, that they believed that they were going to come across some individuals that were going to run." Neither Officer Martinez nor the other officers riding in his vehicle testified at trial.

Officer Martinez turned onto the street of the location and parked. As Officer Medina was turning onto the street, Officer Valencia observed "a group of juveniles outside of the home and they were all spread out and started running in different directions." Officer Valencia testified that she first observed the juveniles in front of the home talking, but "[a]s soon as our marked car came up, they all scattered." Officer Medina, however, testified that after he turned onto the street, he immediately observed two males running in their direction. The deputy sheriff, who had been in Officer Martinez's vehicle, was running after one of the two males. Officer Medina tried to close the gap in the intersection with his vehicle; however, the other male, Castillo, jumped over the vehicle and continued running. Officer Medina instructed Officer Valencia to run after Castillo. Officer Valencia jumped out of the car, shouted "Police, stop," but Castillo kept running. Castillo was eventually apprehended and arrested after a short chase.

## DISCUSSION

A person commits the offense of evading detention "if he intentionally flees from a person he knows is a peace officer attempting to lawfully . . . detain him." TEX. PENAL CODE

ANN. § 38.04(a) (West 2011). In evaluating the legal sufficiency of the evidence to support a criminal conviction, "we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Castillo asserts that the evidence is legally insufficient to support a finding that the officers were attempting to *lawfully* detain him. A detention for the purpose of investigating possible criminal behavior is lawful where the officer can point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant the intrusion. *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000); *Pina v. State*, 127 S.W.3d 68, 75 (Tex. App.—Houston [1st Dist.] 2003, no pet.). "We must review the totality of the circumstances of each case to see whether the officer had a particular and objective basis for having suspected wrongdoing." *Pina*, 127 S.W.3d at 75.

In this case, there was evidence that three officers were going to a location where they believed individuals would be present who would try to flee. No evidence was presented, however, to establish the officers' purpose for going to the location. Flight alone is insufficient to justify an investigatory detention, and flight from a show of authority is only a factor in support of a finding of reasonable suspicion that an individual is involved in criminal activity. *Reyes v. State*, 899 S.W.2d 319, 325 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd); *Salazar v. State*, 893 S.W.2d 138, 141 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd, untimely filed). Other than Castillo's flight from the location, as predicted by Officer Martinez, the record is devoid of any evidence of specific and articulable facts that would justify Castillo's detention for the purpose of investigating possible criminal behavior. *See Carmouche*, 10 S.W.3d at 328;

*Pina*, 127 S.W.3d at 75. No evidence was presented to show that any of the officers had a particular and objective basis for suspecting Castillo of any wrongdoing. *See Pina*, 127 S.W.3d at 75. Because evidence of flight alone, even upon a showing of authority, is insufficient to establish reasonable suspicion for Castillo's detention, the evidence is legally insufficient to show that the officers were attempting to *lawfully* detain him.

**CONCLUSION**

Because the evidence is legally insufficient to support Castillo's conviction, we reverse the trial court's judgment and render a judgment of acquittal.

Catherine Stone, Chief Justice

DO NOT PUBLISH