

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00179-CR

DAVID REX DIAZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A18979-1111, Honorable Robert W. Kinkaid Jr., Presiding

July 10, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, David Rex Diaz, was convicted of evading arrest or detention, enhanced by a prior conviction for evading arrest or detention.[1] He was sentenced to confinement in a State Jail Facility (SJF) for a period of two years and ordered to pay a fine of $2,500. Through one issue, appellant contends that the evidence was insufficient to sustain the conviction. We affirm.

---

[1] See TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(A) (West Supp. 2012).

## Factual and Procedural Background

On July 6, 2011, at approximately 2:00 a.m., Officer Timothy DeLeon was dispatched to answer a call of a possible burglary. DeLeon met with the citizen who called in the information and was told that, while emptying trash in the alley behind his home, the citizen observed two males jump a fence in the alley and then he heard glass breaking. The citizen described the two suspects as males with one wearing a white shirt and one wearing a brown shirt. DeLeon went to the alley and attempted to determine what occurred. Not finding any additional evidence, DeLeon began searching the area around the reported event when he observed a male wearing a brown shirt. Upon observing this individual, DeLeon turned his police car around and drove back toward the individual. The individual turned down an alley. By the time DeLeon turned down the alley, the individual was running away from DeLeon. As DeLeon got near the individual, the suspect turned, looked at him, and jumped a fence. DeLeon observed the suspect jump the back fence adjacent to the alley and then jump the fence that faced the front of the house. At this time, DeLeon lost sight of the suspect. DeLeon radioed for back up units to be dispatched and gave a description of the suspect as a Hispanic male wearing a brown shirt, jeans, and glasses.

DeLeon continued searching for the suspect and, about ten to fifteen minutes later, he observed appellant, who was carrying a brown shirt and wearing blue jeans and glasses, walking across a lawn headed to the door of a house. DeLeon testified that he pulled up next to appellant in his marked Plainview Police Department patrol car, got out of the car, and ordered appellant "to stop right there, Plainview Police Department." DeLeon was wearing his uniform when he got out of the car.

2

Appellant ignored the command and ran to the door of the residence. DeLeon arrived in time to insert his foot and prevent the door from shutting. DeLeon went into the house and arrested appellant for evading arrest or detention. After hearing the testimony, the jury convicted appellant of the offense charged in the indictment, and sentenced him to two years confinement in a SJF and a fine of $2,500.

Appellant appeals contending that the evidence is insufficient to support the conviction. We affirm.

Standard of Review

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." Brooks, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by Jackson." Id. When reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. See id. at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in Watson v. State, 204 S.W.3d 404, 448–50 (Tex.Crim.App. 2006), as outlining the proper application of a single

3

evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." Id. at 899.

Analysis

To prove the basic charge of evading arrest or detention, the State had to prove that:

1.) appellant

2.) intentionally fled

3.) from a person he knows is a peace officer

4.) attempting to lawfully arrest or detain him.

See TEX. PENAL CODE ANN. § 38.04(a).[2]  Appellant contends that the evidence was legally insufficient to support the conviction.  In so doing, appellant presents alternative theories as to why this is so.

Appellant's first theory is that the contact between DeLeon and appellant was a voluntary encounter and, as such, appellant was free to walk away.  As pointed out by appellant and the State, there are three basic types of interactions between the police and citizens: 1) encounters, 2) investigative detentions, and 3) arrests.  Crain v. State, 315 S.W.3d 43, 49 (Tex.Crim.App. 2010).  Appellant's contention is directed at whether the interaction between himself and DeLeon was an encounter or a detention.

---

[2] Appellant is not contending the evidence regarding proof of his prior evading arrest or detention conviction was insufficient.

Our review of the record leads us to conclude that, when DeLeon observed appellant walking toward the door of his residence and ordered him to "stop right there, Plainview Police Department," the relationship between appellant and DeLeon became one of an investigative detention because DeLeon projected the authority of his department and ordered appellant to comply. See id. A jury is reasonable in believing that DeLeon's order to stop raised the interaction between himself and appellant to the level of a detention and that appellant was no longer free to leave. See Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 912.

Inasmuch as we have determined that the interaction between DeLeon and appellant was an investigative detention, we now turn our attention to the question of whether DeLeon was attempting to lawfully detain appellant.[3] See Pina v. State, 127 S.W.3d 68, 75 (Tex.App.—Houston [1st Dist.] 2003, no pet.) (the lawfulness of an attempted detention is an element of the offense). Appellant contends that the evidence does not support the jury's conclusion that his detention was lawful. This is so, according to appellant, because to be lawful, the detention must be supported by reasonable suspicion supported by specific and articulable facts which when combined with rational inferences from those facts would lead an officer to conclude that a person is, has been, or soon will be engaged in criminal activity. See Crain, 315 S.W.3d at 52 (citing Terry v. Ohio, 392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L.Ed. 889 (1968)).

Our review of the testimony reveals that DeLeon received information from a citizen regarding the citizen's personal observations of two men jumping a back fence

---

[3] We note that appellant does not contend that he did not recognize DeLeon as a peace officer. Accordingly, we will not address that element of the offense of evading arrest or detention.

adjacent to an alley at 2:00 in the morning. The citizen then described hearing glass break. Further, the citizen described the two fence jumpers as males with one wearing a white shirt and one wearing a brown shirt. Armed with this information, DeLeon started looking for the two men. While looking for the two suspects, DeLeon saw appellant wearing a brown shirt and walking down the street after 2:00 a.m. Upon observing DeLeon driving toward him, appellant turned down an alley and began to run. As DeLeon began to get close to appellant, appellant looked at DeLeon and jumped an alley fence, proceeded through a back yard, and jumped the fence in the front of the house. After losing sight of appellant, DeLeon continued to search for the male in the brown shirt, with the additional information that the male was Hispanic and wears glasses. Within ten to fifteen minutes, DeLeon encountered appellant in front of his house and ordered him to stop. This is when appellant was detained. From a totality of these circumstances, we conclude that DeLeon had articulable facts which, when combined with rational inferences from those facts, allowed DeLeon to conclude that appellant had actually engaged in criminal activity. See id. Therefore, the jury was rational in believing that appellant was lawfully detained. See Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 912.

Appellant contends such is not the case because the information that DeLeon originally received was from an unidentified tipster and, therefore, not reliable. This, according to appellant, fails to justify any further investigation. See Martinez v. State, 348 S.W.3d 919, 923 (Tex.Crim.App. 2011). At no time before, or during, the trial did appellant file any written or oral motions requesting the trial court to suppress the testimony of DeLeon in regard to what the citizen told him. Likewise, at no time during

6

DeLeon's testimony did appellant object to his testimony regarding the citizen's report based upon any perceived violation of appellant's rights under the Fourth Amendment to the United States Constitution or any article of the Texas Constitution. Because appellant failed to object to the testimony of DeLeon regarding the report by the citizen, he will not be heard to complain about that testimony on appeal. See TEX. R. APP. P. 33.1(a); Little v. State, 758 S.W.2d 551, 563 (Tex.Crim.App. 1988). Accordingly, the jury properly considered the testimony.

After reviewing the evidence, we conclude that the jury's verdict was a rational verdict and that sufficient evidence supported that verdict. See Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 912. Accordingly, appellant's single issue is overruled.

Conclusion

Having overruled appellant's issue, the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice


Do not publish.

7