

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00595-CR

Marc Angel **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR0965
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  December 4, 2013

AFFIRMED

Marc Angel Sanchez was charged with and convicted of being a felon in possession of a firearm. On appeal, Sanchez asserts the trial court erred (1) by allowing his motion for new trial alleging ineffective assistance of counsel to be denied by operation of law without holding a hearing, and (2) by failing to *sua sponte* investigate his trial counsel's conflict of interest in representing both him and a witness who testified at the punishment hearing. We affirm.

## BACKGROUND

Responding to a report of an assault in progress on a woman at an apartment complex, Officer Julian Pesina observed a man, who was later identified as Sanchez, in the apartment complex parking lot. Sanchez had blood on his hands and was carrying a black bag, which he placed inside a vehicle. Officer Pesina stopped and handcuffed Sanchez, who stated he had been stabbed. Leaving Sanchez with another officer, Officer Pesina went to an apartment and spoke to Melissa Ruiz. Ruiz stated that she had been injured by Sanchez and that Sanchez was a convicted felon in possession of a firearm. Officer Pesina returned to the parking lot and found the bag Sanchez had been carrying. Officer Pesina opened the bag and found a handgun. Because Sanchez was a convicted felon, he was charged with the offense of felon in possession of a firearm.

## DISCUSSION

In his first issue, Sanchez argues the trial court erred in allowing his motion for new trial alleging ineffective assistance of counsel to be denied by operation of law without conducting a hearing. The record shows Sanchez timely filed a pro se motion for new trial. After the trial court appointed new counsel, Sanchez timely filed a sworn first amended motion for new trial. The trial court did not conduct a hearing; nor did it grant or deny the first amended motion for new trial. Thus, the amended motion for new trial was overruled by operation of law. *See* TEX. R. APP. P. 21.8(a) (providing that a motion for new trial not timely ruled on by written order is deemed denied).

On appeal, Sanchez argues that the trial court abused its discretion in failing to hold a hearing because, in his sworn first amended motion for new trial, he raised matters not determinable from the record that would entitle him to a new trial. *See Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). However, as Sanchez readily concedes in his brief, the

right to a hearing on a motion for new trial is not absolute. *See Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).

For example, in *Rozell*, 176 S.W.3d at 229, the appellant timely filed a sworn motion for new trial contending, among other things, that his trial counsel provided ineffective assistance. The motion did not contain a request for a hearing. *Id.* The attached order gave the trial court the options of setting a hearing within ten days, setting a hearing within seventy-five days, granting the motion without a hearing, or denying the motion without a hearing. *Id.* A second order set forth two options — to either grant or deny the motion for new trial. *Id.* Although the trial court noted on the first order "Presented 11-07-02," a hearing was not held and the motion was overruled by operation of law. *Id.* On appeal, the appellant argued that because the motion was "presented," the trial court erred in failing to hold a hearing. *Id.* The court of appeals disagreed, explaining that the appellant had never requested a hearing. *Id.* On appeal to the Texas Court of Criminal Appeals, the appellant argued that because he had timely filed a sworn motion for new trial raising matters not determinable from the record, the trial court was required to hold a hearing. *Id.* at 230. The court of criminal appeals noted that to be entitled to a hearing, the appellant was required to present the motion to the trial court and that "presentment includes actual notice of the desire to have a hearing." *Id.* The court explained that the "rationale for this requirement is the same as that which supports preservation of error generally: A trial court should not be reversed on a matter that was not brought to the trial court's attention." *Id.* "Presenting the motion, along with a request for a hearing, is required to let the court know that the defendant wants the trial court to act on the motion and whether the defendant would like a hearing on the motion." *Id.* "Thus, a reviewing court does not reach the question of whether a trial court abused its discretion in failing to hold a hearing if no request for a hearing was presented to it." *Id.* The court of criminal appeals concluded that the appellant had not brought to the trial court's attention his desire for a hearing, noting that

the motion itself did not contain a request for a hearing. *Id.* at 231. Further, the court explained that the attached order giving the trial court options of having a hearing or ruling without a hearing was not sufficient to adequately advise the court of his desire for a hearing. *Id.*

In his brief, although Sanchez argues he presented his amended motion for new trial to the trial court, he does not argue or point to any place in the record to show he requested a hearing. Further, we have found nothing in the record showing Sanchez requested a hearing. Much like the appellant in *Rozell*, Sanchez attached an order to his amended motion for new trial setting forth options for the trial court to grant or deny the motion. On the order, the trial court made a notation that the amended motion for new trial was presented to the trial court on 9-26-12. There was, however, nothing in the amended motion for new trial or the attached order notifying the trial court of a request for a hearing. Thus, we do not reach the question of whether the trial court abused its discretion in failing to hold a hearing since no request for a hearing was presented to the trial court. *See id.* at 230. We therefore overrule Sanchez's first issue.

In his second issue, Sanchez asserts that the trial court erred in failing to *sua sponte* investigate a conflict of interest by the defense attorney representing both Sanchez and a witness in the punishment phase of trial. Specifically, Sanchez points to the testimony of his girlfriend, Laura Bustamante, who was called by the State to testify during the punishment phase of trial. When the State called Bustamante to testify, Sanchez's trial counsel advised the court that he represented Bustamante in another criminal matter. Sanchez's attorney told the judge that he represented Bustamante on a misdemeanor case that was going to be enhanced to a felony. Specifically, he stated, "It's unrelated to Mr. Sanchez but I just wanted to –". At that point, the prosecutor stated, "I don't plan on going into any of those facts of any charges pending against her." Then, when Bustamante testified, she stated Sanchez was her boyfriend and she considered them to be "common-law married." Her testimony was favorable to Sanchez. Although asked

about a couple of different occasions when Sanchez was alleged to have assaulted her in public, she denied that he had ever hit her.

There is only an "actual conflict of interest" if "counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests to the detriment of his client's interest." *Pina v. State*, 127 S.W.3d 68, 72 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Where no objection to multiple representation is raised in the trial court, the trial court has no affirmative duty to inquire whether a conflict of interest exists. *Id.* at 73. The trial court is only required to conduct a hearing regarding a conflict if it "knows or should reasonably know of an *actual* conflict." *Perez v. State*, 352 S.W.3d 751, 756 (Tex. App.—San Antonio 2011, no pet.) (emphasis in original) (citations omitted). Here, there was nothing that would have required the trial court to *sua sponte* inquire further into any conflict of interest, and there was no actual conflict of interest because, although Bustamante was called as a State's witness, her testimony was entirely favorable to Sanchez. We find no error and, therefore, overrule Sanchez's second issue.

We affirm the judgment of the trial court.


Karen Angelini, Justice

Do not publish